E. A. Cameron *v.* Oramel Joslyn and Perry Joslyn.

February Term, 1914.

Present: Powers, C. J., Munson, Watson, Haselton, and Taylor, JJ.

Opinion filed May 20, 1914.

*Assault and Battery—Civil Damage—Admissibility of Evidence*
   *—Error in Instructions Cured by Subsequent Instructions*
   *—Bill of Exceptions—Sufficiency.*

In trespass against a father and son for assault and battery, where de-
   fendants pleaded self-defence, and the father testified that plain-
   tiff knocked him down and choked him "until he was almost as
   dead as hay," testimony of a woman who witnessed the affray that
   immediately after it she advised defendants to leave and that
   thereupon the father called her a vile name and said that he
   would not go until he got good and ready, was admissible, as
   tending to show that the father's vitality had not been reduced
   almost to that of hay.
Where defendants excepted to the failure of the court to charge fully
   as to their rights, but neither the record nor defendants' brief
   show in what respect the charge was lacking, the exception will
   not be considered on review.

Trespass for assault and battery. Plea, the general issue
with notice relying on self-defence. Trial by jury at the Sep-
tember Term, 1913, Washington County, *Butler*, J., presiding.
Verdict and judgment for the plaintiff. The defendants ex-
cepted. The opinion states the case.

*R. M. Harvey* and *Benjamin Gates* for the defendants.

*John W. Gordon* for the plaintiff.

Haselton, J. This was an action of assault and battery.
The defendants pleaded the general issue and gave thereunder
notice of matter in justification by way of self-defence. Trial
by jury was had and verdict and judgment were for the plain-
tiff. The defendants bring the case here on a bill of exceptions.

The evidence on the part of the plaintiff tended to show that the defendants went into a yard where the plaintiff was at work and that Perry Joslyn assaulted the plaintiff, and that Oramel Joslyn, Perry's father, took part in the assault. Oramel's testimony was that the plaintiff knocked him down and choked him "until he was almost as dead as hay."

The plaintiff, under objection and exception, introduced evidence from Mr. and Mrs. Neal, witnesses of the affray, that immediately following it, Oramel said to Mrs. Neal, who advised the departure of the defendants, that he wouldn't go until he got ready, for her or any other woman, not, however, calling her a woman, but using a term so offensive that we decline to quote and perpetuate it. This bold and vile retort was so spirited and defiant that it had a tendency to show that Oramel had not been injured until he was almost or nearly as dead as hay. The exceptions recite that the plaintiff's testimony tended to show that he was beaten severely by the younger Perry, and that in the meantime the voice of the elder Perry was heard swearing and urging his son on, and that Oramel kicked the plaintiff on his head rendering him unconscious for a time. The testimony objected to had some tendency to show whether Oramel had taken such a part in the fray, or had acted in it by way of self-defence, and had emerged from it in the peculiar condition of deadness described by him.

There was no error in the reception of the evidence.

The defendants excepted to the charge of the court as to the burden of proof and the presumption of innocence. There was then a colloquy between the court and counsel for the defendants, and as a result the court corrected the charge to meet the the views of counsel on these points so far as they were made known.

The defendants have nothing to complain of here.

The defendants undertook to except to the failure of the court to charge fully as to the rights of the defendants in case the plaintiff was the aggressor. But the bill of exceptions does not show wherein the claimed failure in that regard consisted, and the defendants' brief points out nothing in that respect.

*Judgment affirmed.*