KNIGHTS OF PYTHIAS OF NORTH AMERICA, ETC., *v.* LONG.

## Opinion delivered February 15, 1915.

1. LIFE INSURANCE—VESTED INTEREST—CHANGE OF BENEFICIARY.—Where there is no authority in the by-laws and constitution of a fraternal order premitting a change of beneficiary in a policy of benefit insurance, nor any clause in the policy providing therefor, the beneficiary named in such policy has a vested interest and the holder has no power to change such beneficiary.

2. DEFINITIONS—"MODIFICATION."—A "modification" defined as an alteration which introduces new elements into the details or cancels some of them, but leaves the general purpose and effect of the subject-matter intact.

3. BENEFIT INSURANCE—BY-LAWS—MODIFICATION—CHANGE OF BENEFICIARY.—A benefit certificate did not provide for a change of the beneficiary named, but agreed to pay the amount of the certificate, "subject to such modifications as may be made by the Grand Lodge." After the issuance of such certificate, the order provided for a change of beneficiary. Deceased, who held a certificate, then undertook to change the beneficiary in his certificate. *Held,* the fraternal order could make by-laws regulating the conduct of its affairs and providing for a change of beneficiary, a modification of its obligation in that regard, upon a member's request, and where such laws were made affecting the payment of the policies of insurance or benefit certificates of the order, they became a part thereof, and that, therefore, deceased's change of beneficiary, when agreed to by the order, was valid and binding.

4. INSURANCE—CHANGE OF BENEFICIARY—IRREGULARITY—RIGHT TO COMPLAIN.—Only the lodge or order issuing a certificate of benefit insurance has the right to complain of an irregularity on the part of the holder of a benefit certificate, in an attempt by him to change the beneficiary therein.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed.

### STATEMENT BY THE COURT.

Cora Long brought this suit against the Knights of Pythias of North America, etc., a fraternal benefit asso-

ciation doing business in the State of Arkansas, upon a policy of insurance for $300, issued on the 28th day of May, 1906, to Tom Long, a member of one of its subordinate lodges, who died in Pulaski County on the 1st day of December, 1912, in good standing in his lodge with his policy of insurance in full force and effect at the time of his death, and appellee, Cora Long, named therein as his beneficiary.

Suit was also brought against the sureties on the bond of said company made to this State.

The appellant answered, admitting it was incorporated under the laws of the State of Arkansas, and doing a fraternal insurance business among its members; that it issued the policy sued on to Tom Long with Cora Long named as beneficiary therein, and further that on November 5, 1912, the said Tom Long made two affidavits in one of which he stated that he had lost his policy, and it could not be found and asked that a duplicate be issued; in the other he requested that Janie Davidson be given his life insurance and other effects. Both affidavits were filed with the Grand Keeper of Records and Seal of the Lodge, who, upon the 19th day of November, 1912, in accordance with the laws of the order, issued a new policy to Tom Long in lieu of the old, which it alleged thereby became void. It pleaded payment of the new policy to Janie Davidson, the beneficiary named therein, and denied any liability upon the policy or contract sued on. The sureties denied that they were liable under the terms of the bond.

It appears from the testimony that Cora Long, the named beneficiary in the policy sued on, had been married to Tom Long for about twelve years, but left him in July, 1913, and went to Helena to live, and that Long went to live with Janie Davidson. Cora Long paid the dues on the policy one time. It was the duty of the Secretary and Grand Keeper of Records and Seal to sign and issue policies to the members, and Long's request to the officers of the subordinate lodge of which he was a member, consisted of the following affidavits:

"I, Tom Long, being in my right mind and realizing that at some future time death will be my portion, as happens to all the human race, do hereby will all my personal effects and life insurance, after my burial expenses have been paid, and my body put away in a nice and respectable manner, to Janie Davidson, and I desire that if an administrator is necessary, that she be appointed without bond. Witness my hand and seal this the 5th day of November, 1912.

"Tom Long.

"Witness: C. J. Baker.
"Witness: Wm. Derrick.
"Sworn and subscribed to, etc.

"Appeared before me, a notary for said State and county, Tom Long, and under oath states that his policy for three hundred dollars in the T. W. Stringer Lodge has been lost, and can not be found, and he prays that you issue him a duplicate.

"Tom Long.

"Witness: Wm. Derrick.
"Sworn and subscribed to before me, C. J. Baker, on this day, the 5th of November, 1912.

"C. J. Baker, Notary Public."

A new policy was thereupon issued in lieu of the former policy naming Janie Davidson the beneficiary therein. This was done under authority of section 7 of the by-laws, which reads as follows:

"Any member of this order is hereby authorized to change his beneficiary named in his policy at any time, but no such change shall take effect or be in force until the beneficiary's name has been furnished the Grand Keeper of Records and Seal, and inserted by him on the face of the policy."

Frank Snodgrass testified that he took the request for a new policy and change of beneficiary that was brought to him by the Grand Commander, to Frank Young, the Grand Keeper of the Records, that it was put before the lodge at the regular meeting, which granted a new policy, payable to Janie Davidson.

J. T. Wiseman stated that he was Chancellor Commander of T. W. Stringer Lodge, of which Long was a member in 1912, that Long requested that his beneficiary be changed and the local lodge granted his request. After some discussion they voted that he be allowed to make the change to Janie Davidson as beneficiary. The matter came before the lodge in November, and Long had spoken to him before, saying he was going to make a change and stated also that he had lost his old policy, and wanted a new one, and made to a different party.

T. J. Price stated he was grand attorney for the lodge and a member of the committee of law supervision, and that he introduced the resolution providing for a change of beneficiary, said section 7 of the Constitution and by-laws, but did not know where the resolution was now. He produced a copy, which he identified positively and stated that he had compared it with the original, and that it was duly passed in July, 1910; that a certified copy thereof was on file with the officers in Garland County.

The court instructed the jury, and from the judgment against it, appellant brings this appeal.

*Thomas J. Price,* for appellant.

The jury should have been directed to find for defendant. The beneficiary in the policy was changed at the request of the insured in accordance with the rules and by-laws of the company and appellee had thereafter no interest in the policy. The court erred in its charge to the jury. The judgment should be reversed and the cause dismissed. Only the company can complain of any irregularities in the change of beneficiaries. 109 Mo. 560; 3 Tenn. Chy., Oct. T. 1875, *Weil* v. *Trafford,* 49 Mich. 429; 9 Mo. App. 412; 158 Ill. 353; *Ib.* 289; 16 S. W. 500.

*J. F. Wills* and *Fred McDonald,* for appellee.

Long had no right under the by-laws to change the beneficiary. He only asked for a *duplicate* of the policy. 97 Ark. 50; 96 *Id.* 154; 102 *Id.* 72; 94 *Id.* 499. When the policy was issued there was no rule or by-law authorizing or permitting a change of beneficiary. 197 Mo.

513; 37 App. Div. 614; 56 N. Y. Supp. 339; 63 Atl. 871. A by-law adopted after the issuance of a policy, giving members the right to change beneficiary, does not affect the right of the beneficiary in the original policy. 58 N. J. Eq. 189; 44 Atl. 199; 1 Bacon on Ben. Soc., etc., § 292. Appellee had a vested interest which could not be taken away by the order nor the assured. Cases *supra.*

Kirby, J., (after stating the facts). It is contended by appellant that the undisputed testimony shows that appellant changed the beneficiary on Tom Long's policy at his request in accordance with its by-laws, and paid the same to the new beneficiary upon his death and that the court erred in not instructing a verdict in its behalf.

(1)   The policy issued to Tom Long, in which appellee is named beneficiary, was issued before the adoption by appellant order of said section 7 of its Constitution, authorizing any member to change his beneficiary at any time as therein provided. When there is no authority in the by-laws and constitution of the order, permitting a change of beneficiary, nor any clause of the policy providing therefor, the beneficiary named in such policy has a vested interest, and the holder has no power to change such beneficiary. *Johnson* v. *Hall,* 55 Ark. 210; *Franklin Life Insurance Co.* v. *Galligan,* 71 Ark. 301.

In *Carruth* v. *Clawsen,* 97 Ark. 50, the court recognized that the weight of authority was against this doctrine, but adhered to it while declaring that it should not be extended. This policy provides, that the Grand Lodge "will pay to Cora Long, at the death of Brother Tom Long an endowment of $300, being the total amount due on this policy subject, however, to such modifications as may be made by the said Grand Lodge, provided that the said knight is in good standing, etc."

(2-3)   It is contended by appellant that this clause of the policy authorizes the making of a by-law by the fraternal benefit association, permitting the change of beneficiary upon the request of the member, and we agree with this contention. The policy specifically provides for the payment of an endowment of $300 to the bene-

ficiary, subject to such modifications as may be made by the Grand Lodge. "Modification," is defined as "a change; an alteration which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." Black's Law Dictionary. It was the purpose of the order to pay the benefits or endowments provided to the beneficiaries named by the members holding certificates, and it had no interest in such beneficiary further than to pay the benefit as directed by the member in accordance with the terms of its contract. Having agreed to pay the amount "subject to such modifications as may be made by the Grand Lodge," it could make by-laws, regulating the conduct of its affairs and providing for a change of beneficiary, a modification of its obligation in that regard, upon the member's request, and when such laws were made affecting the payment of the policies of insurance or benefit certificates of the order, they became a part thereof. *Beasley* v. *Mutual Aid Assn.*, 94 Ark. 502; *Supreme Lodge of Knights & Ladies of Honor* v. *Johnson*, 81 Ark. 512; *Woodmen of the World* v. *Jackson*, 80 Ark. 419.

It is undisputed that the appellant order did permit a change of beneficiary by Tom Long and issued a new policy to Janie Davidson, the beneficiary to whom it claimed he desired to change his insurance. There is contention, with evidence, tending to show that there was irregularity in the request for the change, or the making of it by the fraternal organization, but the fact remains that it did permit the change of the beneficiary by the member, as it had the right to do, and that it did issue its policy of insurance to such changed beneficiary and thereafter paid such certificate in full to the beneficiary named therein.

(4) Only the lodge or order would have the right to complain of the irregularity of such change of beneficiary, and it has not done so. The burden of proof is on the appellee to show that the certificate payable to Janie Davidson and paid to her, was obtained without authority, and there is no proof in this record, discharging

that burden. The testimony is in effect undisputed that the beneficiary was changed in accordance with the by-laws upon the member's request, to Janie Davidson, and the policy paid to her in accordance with its terms after the death of the member, Tom Long. The association or organization thereby, discharged its whole liability, and the court erred in not instructing a verdict for the appellant.

The judgment is reversed, and the cause dismissed.