————

CARRUTH *v.* CLAWSON.

Opinion delivered December 12, 1910.

1. MUTUAL BENEFIT SOCIETY—CHANGE OF BENEFICIARY.—Where a mutual benefit society issues a certificate by which it agrees, at the holder's death, to pay a certain sum to designated beneficiaries, it cannot change the beneficiaries named in the certificate unless expressly authorized by the certificate, or by the articles of association or by-laws of the society, in case these are made a part of the policy; but where the society issues merely a receipt for dues, which mentions the beneficiary which had been designated by the member, but does not obligate itself to pay the fund to the beneficiaries named in the receipt, and there is nothing in the by-laws to forbid, the member has a right to substitute one beneficiary for another. (Page 53.)

2. SAME—SUFFICIENCY OF CHANGE OF BENEFICIARY.—In the absence of provisions in a policy concerning the mode of changing the beneficiary, a change may be made by a member of a mutual benefit society in any method which clearly expresses his intention to make the change and gives direction to the proper officer of the society to carry his intention into effect; and where the member does all that he can toward effecting the change, the substitution is complete, though there remain acts to be done by the officers of the society in carrying the change into effect. (Page 54.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Read & McDonough,* for appellant.

1. There being no by-law of the association on the subject, the custom of the association and the interpretation of its laws by its officers would govern; and the proof is clear that they have construed its laws to authorize a member to change his beneficiary at any time. Such custom and practice has the force of by-laws. 67 Pac. 609; 56 Atl. 289; 58 Miss. 421; Field on Corporations, § 305; 37 Vt. 431; 16 Ohio Cir. Ct. Rep. 50.

2. Caruth's letter was sufficient to constitute a change of beneficiary. 80 S. W. 1152; 26 Ky. Law Rep. 300; 96 N. W. 806; 119 Wis. 312; 119 Ind. 448; Niblack, Ben. Soc. & Acc. Ins., § 223.

*Youmans & Youmans,* for appellee.

McCULLOCH, C. J. David B. Carruth, now deceased, was a member of the Arkansas Travelers' Association, a fraternal society which paid death claims to the designated beneficiaries of its members, and this action involves a controversy between two rival claimants of the benefit fund of said member. Appellant, Mrs. Sue Carruth, the last-designated beneficiary, is the widow of said deceased member, and appellee, Jennie May Clawson, who was originally designated as the beneficiary, was a distant relative of said member. Said association holds itself in readiness to pay the benefit fund to the one which the court decides is legally entitled to it. The particular questions involved are, whether the member had the right to change the beneficiary without the consent of the person originally designated, and whether the member did in fact change it. There is no dispute as to the facts of the case. The only certificate issued by the association to its members was in the nature of a receipt in the following form:

"No.........                                              $2.00
"Arkansas Travelers' Benefit Fund of the Arkansas Travelers'
    Association.

"Received of .......... $2.00 for first assessment for the Arkansas Travelers' Benefit Fund. Name of beneficiary ............. Relation ............. Address ............. Street No. ........ State of ............... Little Rock, Arkansas. .................

.....................................
                        "Prest. Ark. Travelers' Association.
    "Countersigned:

.............................
    "Sec. and Treas. Benefit Fund.

        .................................
            "Sec. Arkansas Travelers' Ass'n."

The only by-laws of the association which bear on the present controversy read as follows:

"Fourth. That each member of the Arkansas Travelers who has paid in advance the two-dollar membership fee can pay to the secretary of the association the sum of two dollars, said two dollars to be known as the Arkansas Travelers' Benefit Fund, and so carried on the books of said order as such.

"Fifth. The secretary shall give a receipt to said member for the amount paid by him upon his naming his beneficiary, postoffice address and relation of said beneficiary. * * *

"Seventh. That, upon the death of a member of this order who has paid his annual dues and benefit fund dues, the secretary be authorized to wire the beneficiary of said deceased member the entire amount of one dollar per member to the credit of the benefit fund, and notify each member to pay in another assessment of one dollar within 30 days, to replace the amount so paid out."

Carruth was unmarried when he joined the association, and he designated appellee as beneficiary, her name being written in the receipt issued to him. This receipt never, so far as the evidence discloses, passed out of his possession. Subsequently, appellant became his wife, and he died on February 22, 1909. On that day the secretary of the association received at Pine Bluff, Arkansas, the following letter signed by Carruth, who lived at Fort Smith at the time of his death:

"Fort Smith, Ark., February 21, 1909.
"Mr. Guy B. Lefler,
          Pine Bluff, Arkansas.

"Dear Sir: I have lost my policy. I want you to change my beneficiary from Jennie May Clawson to my wife, Sue Carruth, and mail same to her at No. 1008 North Twenty-sixth Street, Fort Smith, Arkansas. (Signed) D. B. Carruth."

The circuit court declared the law to be, upon those facts, that appellee Jennie May Clawson had a vested interest in the benefit which could not be divested without her consent, and rendered judgment in her favor for the amount. Appellee relies, and the circuit court evidently based its conclusion, on the decisions of this court in *Block* v. *Valley Mutual Insurance Association,* 52 Ark. 201, and *Johnson* v. *Hall,* 55 Ark. 210, where it was held (quoting the syllabus in the last-cited case) that "a certificate issued by a mutual benefit society by which

it agrees, at the holder's death, to pay a certain sum of money to the holder's children constitutes an ordinary policy of insurance; and the holder has no power to change the beneficiaries named in the certificate unless expressly authorized to do so by the policy itself, or by the articles of association or by-laws of the society, where these are by the terms of the policy made a part of it."

Since those decisions were rendered by this court, the adjudged cases on the subject in the courts of the country have multiplied greatly, and the authorities are conflicting. It is unnecessary to determine where the weight of authority on the subject rests at this day; this court deliberately took position on the question, and we deem it inadvisable to change, even though the weight of authority be found now to be against us.

The doctrine in those cases is not, however, to be extended, for no authority can be found for so doing. There is, we find, a controlling distinction in the present case. In each of the cases referred to a benefit certificate (which the court held in effect to be a policy of insurance) was issued whereby the society agreed specifically to pay to the beneficiary therein named a certain sum of money on proof of the death of the member. That constituted an obligation on the part of the society to pay the sum of money named, on the conditions specified, to the person named therein, and there was nothing in the certificate itself, nor in the by-laws which formed a part of it, authorizing a change without the consent of the obligee. Here there is no certificate obligating the association to pay the funds to the beneficiary named. There is only a receipt for dues, which named the beneficiary in accordance with the designation of the member. Nor do the by-laws obligate the association to pay the fund to the beneficiaries named in the receipt. The obligation is to pay to "the beneficiary of said deceased member;" and, there being nothing in the by-laws to forbid, the member had the right to name the beneficiary and to substitute one for another. The one named for a time had only an expectancy, which was not a vested interest, and could be defeated at the will of the member. The original designation was merely an appointment which could be revoked, as the power of appointment was not exhausted in making the first designation. *Barton*

v. *Provident Mutual Relief Ass'n,* 63 N. H. 535. The authorities on this subject are collected in 29 Cyc. 125, 126; see also Niblack on Ben. Soc. & Acc. Ins., § 212; 2 Bacon, Ben. Soc. § 306.

Did the member, Carruth, change the beneficiary so as to make the substitution effective? The law is well settled that, in the absence of provisions in the policy concerning the mode of change of beneficiaries, a change may be made by a member in any method which clearly expresses his intention to make the change and gives direction to the proper officer of the society to carry his intention into effect; and that where the member does all that he can do towards effectuating the change, the substitution is complete, even though there remain acts to be done by the officers of the society in carrying it into effect. See Niblack on Ben. Soc. & Accident Ins., § 223; 2 Bacon, Ben. Soc. § § 308a, 309.

We conclude that appellant is entitled to the benefit fund as the designated beneficiary at the time of the death of the member; so the judgment is reversed, and judgment will be entered here in her favor. It is so ordered.