SOVEREIGN CAMP WOODMEN OF THE WORLD v. ISRAEL.

Opinion delivered February 15, 1915.

1. BENEFIT INSURANCE—CHANGE OF BENEFICIARY—RULES OF ORDER.—The constitution and by-laws of a fraternal order are part of the contract of insurance with holders of benefit certificates, and the rules provided therein for a change of beneficiary must be complied with, in order to make an attempted change effective.

2. BENEFIT INSURANCE—RULES OF ORDER—CHANGE OF BENEFICIARY.— Where the rules of a fraternal insurance order provided for the doing of certain specific things, when the holder of a policy desired to change the beneficiary therein, but had lost his certificate, *held*, the requirements of the rules of the order must be complied with, before a change of beneficiary in the certificate would become effective.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

STATEMENT BY THE COURT.

Abner Israel sued the Sovereign Camp Woodmen of the World for $400, which he alleged was due him on a beneficiary certificate in that order. The facts are as follows:

William B. Bruce died in Fort Smith on June 29, 1914, leaving surviving him two minor children and his wife. He was at the time a member in good standing in the Sovereign Camp Woodmen of the World. The original beneficiary certificate issued to him was payable, $400 to his wife, and $300 each to his minor children. His wife had left him, and on June 25, 1914, while confined in a hospital in Fort Smith, Bruce executed an application for a duplication of the certificate, which he claimed had been lost, and asked to change the beneficiary, so far as the $400 was concerned, from his wife to Abner Israel. Abner Israel was his cousin with whom his children were

then living. He filed an affidavit in which he set out the terms of his benefit certificate and his desire to change the beneficiary from his wife to his cousin. He stated that his beneficiary certificate had been lost and that he did not know where it was and certified that it had not been assigned by him to secure the payment of any sum of money whatever and that it had not otherwise been disposed of by him. His application and affidavit for change of beneficiary were deposited in the mail for transmission to the order, but he died before it reached the clerk of the Sovereign Camp Woodmen of the World.

The constitution and by-laws of the order provide for a change of beneficiary and section 64 thereof prescribes the rule therefor as follows:

"(a) Should a member desire to change his beneficiary or beneficiaries he may do so upon the payment to the Sovereign Camp of a fee of twenty-five cents, with his request written on the back of his certificate, giving the name or names of such new beneficiary or beneficiaries, which sum, together with his certificate, he shall deliver to the clerk of the camp for attestation, who shall endorse thereon the fact of such payment and delivery and the date of same; and in case of the death of such member thereafter and before the issuance of a certificate payable to such new beneficiary or beneficiaries; then and in that event the amount payable upon such certificate shall be paid to such newly designated beneficiary or beneficiaries according to the terms of such member's request; and such camp clerk shall at once forward said payment and certificate to the sovereign clerk, and upon receipt thereof the sovereign clerk shall issue and return a new certificate, subject to the same conditions and rate as the one surrendered, which conditions shall be a part of the new certificate, in which he shall write the name or names of the new beneficiary or beneficiaries and shall record said change in the proper books of the Sovereign Camp.

"(b) In the event the beneficiary certificate is lost or the possession thereof is for any reason withheld from

the member desiring such change of beneficiary, before the change shall be made the member shall furnish the sovereign clerk satisfactory proof under oath of the loss of the certificate or proof under oath of the facts and circumstances of the withholding of such certificate from his possession, as the case may be, and waiving for himself and beneficiary or beneficiaries all rights thereunder, whereupon on payment of twenty-five cents the sovereign clerk, if such proof is satisfactory to him, shall issue to said member a new certificate in lieu of the old one, with the desired change of beneficiary, and shall at once mail to the last known postoffice address of the former beneficiary or beneficiaries notice of such change.''

After the death of William B. Bruce, Abner Israel demanded payment as the beneficiary designated in the certificate and the order refused to pay him. Hence this suit. The case was tried before the court sitting as a jury, and from the judgment rendered in favor of the plaintiff the defendant has appealed.

*Bradshaw, Rhoton & Helm,* for appellant.

The change of beneficiary could only be made in the manner authorized by the terms of the contract. 130 N. W. 191; 141 N. W. 280; 132 N. W. 329; 131 Cal. 437; 137 Cal. 384; 110 Ia. 642; 94 Pac. 132.

The rules of the society must be followed to the exclusion of all others. 138 N. W. 615; 82 N. W. 331; 86 N. W. 216; 57 N. E. 787.

In order to change the beneficiary, the insured must substantially comply with the laws of the association, and the adoption of a particular method of changing a benefit certificate is the exclusion of all other methods. 124 S. W. 530; 89 Mo. App. 621; 34 Mont. 357; 115 Am. St. Rep. 532; 171 N. Y. 616; 57 O. St. 561.

Notice of a desire to change the designated beneficiary is not sufficient. 124 N. W. 475; 116 N. W. 188.

The death of a member before the change of beneficiary is completed, leaves the old certificate in force.

7 Ky. L. Rep. 751; 113 S. W. 698; 133 Ill. App. 398; 94 Pac. 132; 106 S. W. 176; 86 Pac. 423; 90 S. W. 526.

*J. A. Gallaher,* for appellee.

In insurance of this class the beneficiaries have no vested interest in the policy, and the insured can change the beneficiary at will. 29 Cyc. 125, 126; 97 Ark. 54.

When the insured has done all in his power to change the beneficiary and pursued the course pointed out by the laws of the association, his death before the issuance of a new certificate will not defeat the claim of the new beneficiary. 41 Fed. 1; 15 L. R. A. 350; 90 S. W. 528; 34 L. R. A. (N. S.) 277, 278, note.

Hart, J., (after stating the facts). In the case of *Carruth* v. *Clawson,* 97 Ark. 50, we said that in the absence of provisions in a policy concerning the mode of changing the beneficiary, a change may be made by a member of a mutual benefit society in any method which clearly expresses his intention to make the change and gives direction to the proper officer of the society to carry his intention into effect; and where the member does all that he can toward effecting the change, the substitution is complete, though there remain acts to be done by the officers of the society in carrying the change into effect.

(1) Under the constitution and by-laws of the order in the case before us the right of the member to change the beneficiaries is absolute and the beneficiary can not prevent the change, if there is a substantial compliance with the rules of the order in making the change. The transaction, however, requires some formalities for the protection of the beneficiaries, and, the constitution and by-laws of the association being made a part of the contract, the change in the beneficiary can not be effected unless those rules are substantially complied with.

In the second edition of Niblack on Accident and Benefit Societies, at pages 415 and 416, the author said:

"When a mutual benefit society has, under the powers and within the limits of its charter, provided in its by-laws a particular method of changing a beneficiary, or has set forth in its certificate a way by which the

change may be made, no change of beneficiary may be made in any other mode or manner. The reason for this rule is not difficult to discover. It is based upon the familiar maxim that the expression of one thing excludes other and different things. When a society frames a set of rules providing for the distribution of a fund, and for the rights of beneficiaries and members, it must be assumed that it excludes every other mode and manner. Any other conclusion would lead to the most interminable confusion in the law applicable to the distribution of the insurance money, and fritter away, in the expenses of uncertain litigation, funds created for the benefit of widows, orphans and heirs. But there is still another reason. It can not be said that a beneficiary named in a certificate has no rights therein because he has no vested rights. The beneficiary has a right to the proceeds of the certificate of insurance, subject to the right of the member to change the beneficiary according to the terms of the by-laws and regulations of the society, which are a part of the contract of insurance; and the right of the beneficiary to have this contract carried out in the manner provided for is as binding upon the member as his right to change the beneficiary is binding upon the beneficiary and the society. The power reserved to the member to change the beneficiary qualifies the right of the beneficiary in the contract. It makes the interest of the beneficiary a mere expectancy while the power to revoke the appointment continues; but this expectancy becomes an absolute right upon the death of the member, unless he has in the manner prescribed defeated it by the affirmative act of changing the beneficiary.''

It will be noted that subdivision ''a'' of section 64 of the constitution and by-laws of the order, as set out in the statement of facts, prescribes the manner in which a member may change his beneficiary where his certificate has not been lost. Subdivision ''b'' provides the manner of making the change where the certificate has been lost.

Subdivision "a" provides, in substance, that where the member desires to change his beneficiary he may do so upon payment to the Sovereign Camp of a fee of twenty-five cents with his request written on the back of his certificate, giving the names of the new beneficiary or beneficiaries, which sum, together with his certificate, he shall deliver to the clerk of the camp for attestation. It is provided further that in case of the death of the said member before the issuance of a certificate payable to the said new beneficiary, then the amount payable on such certificate shall be paid to the newly designated beneficiary according to the terms of the member's request. In such a case, it will be noted, the act of the clerk of the camp in making the change is merely ministerial, and the member having done all that he was required to do in order to make the change, the constitution and by-laws provide that it shall be made, even though he should die before the formalities required of the sovereign clerk are complied with.

Subdivision "b," which applies in cases where the certificate has been lost, prescribes an essentially different manner of making the change. In such a case before the change shall be made the member is required to furnish the sovereign clerk satisfactory proof under oath of the loss of the certificate, and if such proof is satisfactory to him the clerk issues to the member a new certificate in lieu of the old one with the desired change of beneficiaries. This requires an exercise of judgment and discretion on the part of the sovereign clerk and his action is not merely ministerial or formal. It is his duty to see that satisfactory proof is made that the certificate is lost and he can only issue a new certificate in lieu of the old one when such satisfactory proof is made.

As we have already seen, the constitution and by-laws of the order are a part of the contract between the order and the members thereof and the rules in regard to the change in the beneficiary are for the protection of the order, the beneficiary and the member. Such a rule

is a reasonable one, and tends to protect the order from needless litigation.

(2)    In the case before us the member merely stated that his old certificate had been lost.    There was nothing in the affidavit tending to show the circumstances attending the loss of the certificate.    In any event the constitution and by-laws of the order required the sovereign clerk to exercise some jugdment as to whether or not the proof of loss of the certificate was satisfactory, and, the member having died before the affidavit was presented to the sovereign clerk for his action and judgment, it can not be said that the rules of the order had been complied with, and for that reason we are of the opinion that no change was made in the beneficiaries before the death of the member.

This being the case, the plaintiff was not entitled to maintain his action.    It follows that the judgment must be reversed, and, the cause of action having been fully developed, the complaint of the plaintiff will be dismissed.