WILKES v. HICKS.

Opinion delivered May 29, 1916.

1. FRATERNAL INSURANCE—CHANGE OF BENEFICIARY.—A change of beneficiary in a policy in a fraternal order cannot be made by the insured unless there is a substantial compliance with the by-laws and regulations of the society.

2. FRATERNAL INSURANCE—ATTEMPTED CHANGE OF BENEFICIARY—DEATH OF MEMBER.—While the beneficiary named in a policy of fraternal insurance has no vested right to the collection of the benefit, so long as the member had the absolute right to change the beneficiary, but upon the death of the member without any such change having been made or effected in accordance with the by-laws of the order, the beneficiaries' right to the proceeds of the policy become vested and cannot be defeated by the claim of another person whom the policy holder desired named as beneficiary in the policy, instead of the one therein written, such request not having been forwarded, nor attempted to be, to the officer of the order authorized to make the change, until after the member's death.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

The question alone of the right to the benefit provided in a policy issued to Prince Bedford, a member of the Knights of Pythias of North America, etc., an Arkansas Fraternal Insurance Society, is involved in this appeal.

The policy was issued on April 10, 1906, to Prince Bedford and none of the parties to this suit were named as beneficiaries therein; later the names of appellants were written in the policy as beneficiaries. The member continued in good standing until his death at Attalla, Ala., on February 25, 1913. On that day Prince Bedford called in some officers of the local lodge of the order at that place and informed them that he desired to change the beneficiary in his policy from appellants to his nephew, George Hicks, appellee, and signed a written request, in the presence of certain members, designating the said George Hicks as the beneficiary and requested that same be forwarded to the Grand Keeper of Records and Seal in order that the change of beneficiary should be made. He died afterwards on the same day and the request for the change of beneficiary with the proof of the death of the member was sent to the Grand Keeper of Records and Seal in the same enclosure, the proof of death being made on February 26, 1913.

The policy was issued with no beneficiary named therein and the insured had the right to insert the name of the beneficiary. The names of appellants were not written in the policy by the Grand Keeper of Records and Seal nor had the name of George Hicks been written in the policy at all. The by-laws of the order relative to a change of beneficiary provide:

"Any member of the Order is hereby authorized to change his beneficiary named in his policy, at any time, but no such change shall take effect or be in force until after the beneficiary's name has been furnished to the

Grand Keeper of Records and Seal and inserted by him in the face of the policy."

Several persons claimed the right to the benefit under the policy and the order filed a bill of interpleader in the Pulaski Chancery Court and paid the amount of the policy into court, naming the several claimants as defendants.

The case was submitted on an agreed statement of facts, virtually as above set out and from the decree adjudging George Hicks entitled to the fund, appellants prosecute this appeal.

*Carmichael, Brooks, Powers & Rector* for appellant.

The beneficiary in a fraternal insurance company cannot be changed when the request for change is not received until after the death of the insured. 48 Ark. Law Rep. 86; 44 *Id.* 123. The change must be made during the life of the insured. 34 Mont. 357; 115 Am. St. Rep. 532; 86 Pac. 423; 34 L. R. A. (N. S.) 279 note; 82 N. W. 331; 86 N. E. 216; 64 *Id.* 506; 76 *Id.* 234; 50 N. Y. Supp. 470; 218 Ill. 189; 109 Am. St. 283; 34 L. R. A. (N. S.) 280, 277; 69 Pac. 1020; 40 Tex. Civ. App. 593; 90 S. W. 526.

*Bradshaw, Rhoton & Helm* for appellee. *Gardner K. Oliphint* on the brief.

1. Appellants had no vested interest as beneficiaries and cannot complain. 131 S. W. 336; 131 N. W. 1127; 102 Ark. 76; 97 *Id.* 50.

2. Where a member has done everything in his power to conform with the rules of the association in attempting to change the beneficiary, but before all the formalities have been performed he dies, a court of equity will decree that to be done which ought to be done and effect the change. 48 Ark. Law Rep. 85; 44 *Id.* 123; 97 Ark. 50; 34 L. R. A. (N. S.) 277; 127 S. W. 645; 76 *Id.* 44; 134 Pac. 132; 146 S. W. 102; 154 *Id.* 9; 149 *Id.* 937; 150 N. W. 110; 200 Fed. 1; 126 N. W. 946; 138 S. W. 178; 132 N. W. 329; 75 Miss. 175; 77 S. W. 1091; 88 Pac.

106; 113 Ill. App. 398; 114 N. Y. 1149; 153 Ill. App. 232; 60 Tex. 532; 5 S. W. 385-7.

KIRBY, J., (after stating the facts). In *Robinson* v. *Robinson,* 121 Ark. 276, 181 S. W. 300, the court said: "The established rule and the one adopted in this State is that the change of the beneficiary cannot be made by the insured unless there is substantial compliance with the by-laws and regulations of the society." Citing cases.

The member's right to change the beneficiary named in his policy under the provisions of the by-laws of this order was absolute and could be made at any time upon a substantial compliance with the by-laws. The by-laws however provide that no such change shall be effective until after the beneficiary's name has been furnished to the Grand Keeper of Records and Seal and by him inserted in the face of the policy.

It is not contended that this provision of the by-laws was complied with, but that the member, whose right to change the beneficiary was absolute, had done all he could within the requirements of the by-laws in order to effect such a change by making the request in writing in the presence of the officers of the local lodge of the order, where he was, designating George Hicks as his beneficiary and directing that his designation and request be forwarded to the Grand Keeper of the Records and Seal, that the desired change should be made effective.

It is contended that since the beneficiary had no vested interest in the policy, he could not question the manner of the change of beneficiary and that said acts of the insured effected a change of said beneficiary within the authority of *Robinson* v. *Robinson, supra.*

We do not agree with this contention. It was said in that case that notwithstanding the member's right to change the beneficiary was absolute, the beneficiary having no voice in the matter, that such transactions manifestly required some formalities for the protection of the order, the member and the beneficiary, and that

such formalities must be substantially complied with before a change of beneficiary becomes effective. There, the member had appeared in open session of his local lodge, announced the separation from his wife and informed the lodge that he desired to change his beneficiary from his wife to his brothers and sisters, at the time writing his request for a change of beneficiary on a slip of paper and placing it with the policy and his statement was incorporated in the minutes of the lodge's meeting. This was more than a year before the death of the member and the order did not dispute its liability to the payment of the benefit, and the court held the beneficiary was changed.

The facts of this case are altogether different and do not bring it within the rule announced there, but rather within the doctrine of *Sovereign Camp W. O. W. v. Israel*, 117 Ark. 121. Here the member was not in his local lodge nor within any lodge in the State of its domicile at the time of indicating his desire and intention to change the beneficiary in his policy and naming George Hicks, appellee, as such. He wrote the request and directed it forwarded to the Grand Keeper of the Records and Seal and died before it was sent, the request for the change being forwarded along with the proof of the member's death. While it is true, the beneficiary named in the policy had no vested right to the collection of the benefit so long as the member had the absolute right to change the beneficiary, but upon the death of the member without any such change having been made or effected in accordance with the by-laws of the order, his right to the proceeds of the policy became vested and could not be defeated by the claim of another person whom the policy holder desired named as beneficiary in the policy instead of the one therein written, such request not having been forwarded, nor attempted to be, to the officer of the lodge authorized to make the change, until after the member's death.

The action of the deceased member in attempting to make a change of beneficiary to George Hicks upon the

day of his death was not effectual for the purpose and the court erred in so holding.

The decree is reversed and the cause remanded with directions to enter a decree in favor of appellants for the amount paid into court by the lodge in settlement of the amount due under the benefit certificate.