## LUCY N. FLOWERS v. SOVEREIGN CAMP, WOODMEN OF THE WORLD.

### Decided November 18, 1905.

**1.—Contract—Acceptance of Offer—Deposit in Mail.**

In the absence of an agreement, express or implied, that the mails may be used as a means of acceptance of the terms of an offer, the one employing such means constitutes it his agent, and the offer or acceptance, as the case may be, may be recalled at any time before an actual delivery of the communication.

**2.—Constitution of Sovereign Camp W. O. W.—Change of Beneficiary.**

The constitution of the Sovereign Camp of the Woodmen of the World, in the matter of a change in the beneficiary, contained the following provision: "In the event the beneficiary's certificate is lost . . . . . before the change shall be made the member shall furnish the Sovereign clerk satisfactory proof under oath of the facts of the loss of the certificate, . . . , and waiving for himself and beneficiary or beneficiaries all rights thereunder, whereupon on payment of twenty-five cents the Sovereign clerk, if such proof is satisfactory to him, shall issue to said member a new certificate in lieu of the old one with the desired change of beneficiary." A member whose certificate had been lost made application three days before his death for the issuance of a duplicate certificate and a change in the beneficiary, and caused the same to be mailed to the Sovereign clerk, but the application was not received by the clerk until after the death of the member. Held, that mailing the application was not such an actual delivery to the clerk as the constitution required, and there was no change in the beneficiary.

**3.—Same.**

The constitution of a benefit order becomes a part of the contract of insurance, and where that instrument points out the method by which a change of beneficiary may be effected, it is exclusive of all others and must be substantially complied with.

**4.—Same—Assignment—Gift.**

The attempted change of beneficiary could not be treated as an assignment or gift because there was no delivery or written transfer of the certificate, and the only authority of disposition held by the member was through a change of beneficiary in the method prescribed by the constitution.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Leroy A. Smith* and *Drew Pruitt,* for appellant.—The court erred in rendering judgment against the plaintiff, Lucy N. Flowers, because the evidence shows that the constitution of the defendant Sovereign Camp, Woodmen of the World, and the benefit certificate sued upon issued to J. B. Flowers constitute the contract between said parties, and that said constitution, article 64, provides as a condition precedent to making a change in the beneficiary in said certificate, that the member, J. B. Flowers, shall make proof, under oath, of the loss of such certificate which shall be satisfactory to the Sovereign clerk of said Sovereign Camp, and shall revoke the former beneficiary or waive all rights in said certificate in favor of the beneficiary therein; and the evidence further shows that the said Flowers had lost his certificate and that he failed to make satisfactory proof of the loss of the same to said Sovereign

clerk, and failed to revoke the beneficiary therein, and to waive all rights in and to said certificate in favor of the beneficiary therein, Lucy N. Flowers. Shuman v. Ancient O. U. W., 82 N. W. Rep. (Iowa), 331; Grand Lodge Ancient O. U. W. v. Gandy, 53 Atl. (N. J.), 142; Fink v. Fink, 64 N. E. (N. Y.), 508; Hall v. N. W. Endowment Ass'n., 49 N. W. Rep. (Minn.), 524; Hotelmen's M. B. Ass'n v. Brown, 33 Fed. Rep., 11; Modern W. of A. v. Little, 86 N. W. Rep., 216; Hellenberg v. Independent Ord. & C., 94 N. Y., 584; 1 Bacon on Ben. Soc. (2d ed.), sec. 307; 2 Joyce on Ins., sec. 744; Legion of Honor v. Smith, 45 N. J. Eq., 466; s. c. 17 Atl. 770; Holland v. Taylor, 111 Ind., 121; s. c. 12 N. E., 116; Knights of Honor v. Nairn, 60 Mich., 44; s. c. 26 N. W., 826; Mellows v. Mellows, 61 N. H., 137.

The provisions of the constitution of a benefit society in regard to making a change in the beneficiary in a certificate must be complied with strictly by the member before the change is effectual. Hellenberg v. Independent Ord. & C., 94 N. Y., 584; Hotel Men's M. B. Ass'n. v. Brown, 33 Fed. Rep., 12.

"A designation of a new beneficiary where a former one has been legally and validly designated will not, though invalid or for any reason inoperative, revoke the original designation, for although the member may attempt to change the beneficiary, if he does not in fact make a valid and effectual change before his death, the former beneficiary will take the same as if no attempt had been made to effect a change." Joyce on Insurance, sec. 753; Fink v. Fink, 64 N. E. (N. Y.), 508; Shuman v. Ancient O. U. W., 82 N. W. (Iowa), 331; Ireland v. Ireland, 42 Hun (N. Y.), 212; McLaughlin v. McLaughlin, 37 Pacif. R., 865; Modern W. O. W. v. Little, 86 N. W., 216; Hotel Men's M. B. Ass'n. v. Brown 33 Fed. Rep., 11; Thomas v. Thomas, 131 N. Y., 205, 30 N. E., 61; Wendt v. Legion of Honor, 34 N. W. Rep., 470; 2 Joyce on Ins., sec. 751; 1 Bacon on Ben. Soc. (2d ed.), sec. 710a; Nibl. Mut. Ben. Soc., p. 415.

"Where nothing has been done by either party to authorize or call for a letter from the other, the agent selected to deliver is the agent of the sender, not of the receiver. The relation is not changed by selecting the United States mail as the agency to make the delivery, any more than if an express company or a personal messenger had been chosen for that purpose." Fink v. Fink, 64 N. E. (N. Y.), 508; Scottish Am. Mortgage Co. v. Davis, 96 Texas, 504; Crown Point Iron Co. v. Boatman's Ins. Co., 127 N. Y., s. c. 28 N. E., 14; Peabody v. Satterlee, 166 N. Y., 174; s. c. 59 N. E., 818.

A change of the beneficiary in a certificate in a benefit society must be made while the member is living by complying fully with the rules prescribed by the society and such change can not be made by will in the absence of an express provision in such rules permitting such, because a will only takes effect after death of the testator. 2 Joyce on Ins., secs. 735 and 753; 1st Bacon on Ben. Soc., sec. 710a; Beach on Ins., sec. 182; Grand Lodge v. Fisk, 85 N. W. Rep., 875; Schardt v. Schardt, 45 S. W. Rep., 340.

If the attempted change of the beneficiary made by the insured be considered in the nature of an assignment of the benefit certificate to Cleo Humphries, then such would be void because it was a gift from

J. B. Flowers to said Humphries and the evidence shows there was no delivery of the certificate to her and there was no written transfer or assignment of such certificate or benefit to her by said Flowers. Lord v. New York Life Ins. Co., 95 Texas, 216; Cowen v. First Nat. Bank, 94 Texas, 547.

*Roy, Slay & Dunn, W. R. Parker* and *Theodore Mack,* for appellee.— There is no error with respect to the matter assigned because J. B. Flowers, the holder of the benefit certificate, had substantially complied with the provisions of the constitution of the Woodmen of the World, relating to a substitution of beneficiary, and since he had substantially complied with said provision, the arbitrary action on the part of the Sovereign clerk in failing to approve the substitution could not affect the rights of appellee, Cleo Humphries. Supreme Conclave v. Cappella, 41 Fed. Rep., 1; Hirschl v. Clark, 81 Iowa, 200, 47 N. W. Rep., 78, 9 Law Rep. Ann., 841; Schmidt v. Knights of P., 82 Iowa, 304, 47 N. W. Rep., 1032; Clausen v. Jones, 45 S. W. Rep., 183; Luhrs v. Luhrs, 123 N. Y., 367, 25 N. E. Rep., 388; Isgrigg v Schooley, 125 Ind., 94, 25 N. E. Rep., 94; Grand Lodge A. O. U. W. v. Noll (Mich.), 15 Law Rep. Ann., 350, and elaborate note; Jory v. Supreme Council, 105 Cal., 20, 38 Pac. Rep., 524; Grand Lodge v. Child (Mich.), 38 N. W. Rep., 1; Fisk v. Equitable Aid Union, 11 Atl. Rep., 84; Bacon, Ben. Soc., sec., 309; Parlin & Orendorff v. City of Greenville, 127 Fed. Rep., 55; Sanborn v. Black, 67 N. H., 537.

The constitution of the fraternal benefit order must receive a reasonable construction, and where the insured has done all in his power to bring about the substitution of the beneficiary, an original beneficiary can not take advantage of the failure of the officers of the fraternal order to act, nor can a third person take advantage of any informality of designation of a substituted beneficiary. Coleman v. Anderson (Sup. Ct.), 86 S. W. Rep., 732; Splawn v. Chew, 60 Texas, 532, 3 Am. & Eng. Encyc. Law (2d ed.), 999 and cases cited; Hirschl v. Clark, 81 Iowa, 206; Supreme Lodge v. Philbin, 87 S. W. Rep., 58 (Mo.); Titsworth v. Titsworth, 40 Kans., 571, 20 Pac. Rep., 213; Knights of Honor v. Watson, 64 N. H., 517; 2 Joyce on Insurance, sec. 754.

The section of the constitution as to the change of beneficiary is merely directory in its character and is for the protection of the order alone; the duty of the Sovereign clerk being merely ministerial and the rights of a substituted beneficiary having attached, equity will lend its aid in an imperfect change of beneficiary. Supreme Conclave v. Capella, 41 Fed., 1; Grand Lodge v. Child, 38 N. W. Rep., 1 (Mich.); Fisk v. Equitable Aid Union, 11 Atl. Rep., 84.

The provisions of section 64 of the constitution of the Sovereign Camp of the Woodmen of the World being mere regulations of matters of practice for the convenience of the company, any change in such regulations of which a member has no notice is not binding on such member, and where a supreme officer has rejected an application for change of beneficiary, either capriciously or because of mere matter of form, the substituted beneficiary is entitled to the proceeds of the benefit certificate. Coleman v. Anderson, 86 S. W. Rep., 732; Hirschl v. Clark, 81 Iowa, 207; 2 Joyce on Ins., sec. 747.

A wife is not a party to the original contract of insurance made by the Woodmen of the World and J. B. Flowers, and as original beneficiary has no vested rights, being but mere expectancy dependent on the will and act of the holder of the certificate, and where the designation of the substituted beneficiary is sufficiently manifested by any form of words sufficient to clearly make known the intentions of the certificate holder, the substituted beneficiary is entitled to recover.    Byrne v. Casey & Swasey, 70 Texas, 247; Hopkins v. Northwestern Life Co., 99 Fed. Rep., 199; Hoeft v. Supreme Lodge, 113 Cal., 91, and cases cited; Handwerker v. Diermeyer, 96 Tenn., 619; Schmitt v. New Braunfelser Verein, 6 Texas Ct. Rep., 932; Coleman v. Anderson, 86 S. W. Rep., 732.

Where the constitution of a fraternal benefit order requests the holder of a certificate desiring to change his beneficiary to forward his written request to the Sovereign clerk, accompanied by a fee, the deposit of the written request in the United States mail is sufficient to bring about a change of beneficiary where no valid objection as to proof is tenable. . The deposit in the United States mail being the usual and customary manner of forwarding such requests.    Buell v. Chapin, 99 Mass., 594-596; Morgan v. Richardson, 13 Allen (Mass.), 410; 13 Am. & Eng. Encyc. Law (2d ed.), 1163; Bacon on Ben. Soc., sec. 381, and cases cited; Blake v. Hamburg Bremen Ins. Co., 67 Texas, 160.

Where the certificate of insurance is fully identified the designation of a substitute beneficiary is sufficiently manifested by any form of words sufficient to clearly make known the intentions of the certificate holder.    Niblack on Ben. Soc., sec. 206.

The delivery of the certificate to the beneficiary is not necessary. The claim of a substitute beneficiary is not based on a contract, but on the appointment and direction for the payment of the fund.    Highland v. Highland, 109 Ill., 366; St. Clair Co. Benefit Society v. Fietsam, 97 Ill., 474; Niblack Ben. Soc., 192, 219.

The question whether or not Cleo Humphries was "dependent" on J. B. Flowers, was one of fact and that fact having been resolved by the trial judge in her favor, even though the evidence conflicted, the finding of the court will not be disturbed on appeal.    American Leg. of Honor v. Perry, 140 Mass., 590; Ancient O. U. W. v. Bollman, 53 S. W. Rep., 829; 9 Am. & Eng. Ency. Law (2d ed.), 277; 2 Joyce on Insurance, sec. 773, 780.

The facts show that Cleo Humphries was dependent on J. B. Flowers for her support, no relation of debtor and creditor existing, and she not being in his employ, the use of the term dependent in section 3 of the constitution of the Woodmen of the World, does not mean that the right of the substitution as contemplated in section 64 of the constitution, should be applied only to a person wholly dependent on the member for support.    And especially is there no error because the court found as a fact that Mrs. Humphries was dependent entirely upon Flowers for her support and maintenance.    Marsh v. Supreme Council, 149 Mass., 512, 21 N. E. Rep., 1072, 4 L. R. A., 382; Ballou v. Gile, 50 Wis., 614, 7 N. W. Rep., 561; McCarthy v. New England Order of Protection, 11 L. R. A., 144 (Mass.) ; 9 Am. & Eng. Ency. Law (2d ed.), 277.

The delivery of the certificate to the substituted beneficiary is not necessary, because the claim of the substituted beneficiary is not based

on contract, but on the appointment of the order for the payment of fund. Highland v. Highland, 109 Ill., 366; St. Clair Co. Benefit Soc. v. Fietsam, 97 Ill., 474; Manning v. Ancient O. U. W., 5 S. W. Rep., 385 (Ky.); Niblack, Ben. Soc., sec. 192, 219.

The court did not err in its seventh conclusion of fact wherein the court found that it was contemplated between Flowers and the Woodmen of the World at the time of the issuance of the certificate that the United States mail should be employed in order to forward to the defendant company any application made by Flowers to change the beneficiary therein, for the reason that section 64 of the constitution required a member desiring to change his beneficiary to forward his request to the Sovereign clerk. Buell v. Chapin, 99 Mass., 594-596; Morgan v. Richardson, 13 Allen (Mass.), 410; 13 Am. & Eng. Ency. Law (2d ed.), 1163; Bacon on Ben. Soc., sec. 381 and cases cited.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by appellant, Lucy N. Flowers, to recover the sum of $1,000 from the appellee, the Sovereign Camp W. O. W., upon a beneficiary certificate issued to J. B. Flowers in her favor as his wife on the 23d day of November, 1898. She alleged all facts necessary to show a liability upon the part of the defendant, and also that Cleo Humphries was claiming some interest in said certificate, and made her a party defendant to the suit. Mrs. Humphries answered alleging in substance that for ten years prior to J. B. Flowers' death she had been a member of his household and was dependant upon him for a support, and that upon the 26th day of March, 1904, three days prior to his death, he had designated her as the beneficiary in said certificate in lieu of his wife, Lucy N. Flowers, in accordance with the constitution of the defendant company. The Sovereign Camp W. O. W. admitted in its answer that it was liable on said certificate for the sum sued for, but was unable to determine to whom the same should be paid, and paid the $1,000 into court to abide its judgment. The case was tried by the court and resulted in a judgment in favor of Cleo Humphries.

In the view we take of the case, the entire controversy is determined by the interpretation to be given to section 64 of the constitution of the Sovereign Camp W. O. W., which is as follows: "Should a member desire to change his beneficiary or beneficiaries he may do so upon payment to the Sovereign clerk of a fee of 25 cents, which sum together with his certificate he shall forward to the Sovereign clerk with his request written on the back of his certificate giving the name or names of such new beneficiary or beneficiaries. Upon receipt thereof the Sovereign clerk shall issue and return a new certificate subject to the same conditions and rate as the one surrendered, which conditions shall be a part of the new certificate, in which he shall write the name or names of the new beneficiary or beneficiaries and shall record said change in the proper books of the Sovereign Camp.

"In the event the beneficiary's certificate is lost or the possession thereof is for any reason withheld from the member desiring such change of beneficiary, before the change shall be made the member shall furnish the Sovereign clerk satisfactory proof under oath of the facts of the loss of the certificate, or proof under oath of the facts and circum-

stances of the withholding of such certificate from its possession, as the case may be, and waiving for himself and beneficiary or beneficiaries all rights thereunder, whereupon on payment of twenty-five cents the Sovereign clerk, if such proof is satisfactory to him, shall issue to said members a new certificate in lieu of the old one with the desired change of beneficiary."

On March 26, 1904, J. B. Flowers made out and swore to the following application for change of beneficiary: "Application is hereby made to the Sovereign clerk of the Sovereign Camp, Woodmen of the World, for the issuance of a duplicate certificate of membership in said fraternity. There was delivered to me on or about the 8th of December, 1898, Beneficiary Certificate No. 28535 for the amount of $1,000, payable to Chas. N. and A. C. Flowers who are dependent children of the undersigned. I was at that time a member of Lone Star Camp No. 2, located at Fort Worth, State of Texas. Said certificate has been lost or (destroyed) and after diligent search I have been unable to find same. I hereby certify that said certificate has not been by me assigned to secure payment of any sum of money to any person whatsoever, and has not been otherwise disposed of by me. To the best of my knowledge and belief it is not in existence.

"In consideration of the delivery to me of a duplicate I do hereby waive for myself, my heirs, assigns and devisees all rights and payments of benefits or payments due, or which may become due under and by virtue of said lost or destroyed certificate, and agree to accept said duplicate in lieu of and as substitute for same, and do for myself, my heirs, assigns, and devisees hereby relinquish all claims for payment by said Sovereign Camp, Woodmen of the World, of any sum or sums in excess of the amount stated in said duplicate certificate, in case of my death. Witness my hand at Fort Worth, State of Texas, this 26th day of March, 1904. (L. S.)                                    J. B. Flowers,
                                              Attest: J. A. Todd, Clerk.
(Lone Star Camp.)

"You are hereby authorized to make my new certificate issued in place of certificate lost or destroyed, payable to Mrs. Cleo Humphries, who bears relationship to me as dependent. (State wife, children or dependent, as you desire), and I hereby revoke my former direction or designation of beneficiary.                                    J. B. Flowers.

"Sworn to and subscribed before me by J. B. Flowers this the 26th day of March, 1904. (L. S.)

          T. W. Dunn, Notary Public in and for Tarrant Co., Texas."

(On back): "Received by Sovereign clerk, April 1, 1904, Cts. Fee paid."

This application was delivered by Flowers to one J. T. Todd, clerk of the local camp W. O. W., to which Flowers belonged, with the request that he send it to the Sovereign clerk, and Todd mailed the same to Yates, the Sovereign clerk at Omaha, Nebraska, the home office of the appellee company, on April 1, 1904, but after the death of J. B. Flowers. It is the contention of appellee Humphries, and the court

so found as a fact, that it was contemplated by the Sovereign Camp W. O. W. and Flowers at the time the certificate was issued that the United States mail should be employed in order to forward to the W. O. W. any application made by Flowers to change the beneficiary in his certificate, and the application in this case having been deposited in the United States mail prior to the death of Flowers, that therefore the change of beneficiary was perfected before Flowers' death. This contention and finding has no basis whatever in the evidence unless it is supported by the provisions of that section of the constitution of appellee order heretofore quoted.

An examination of the section in question will disclose that a method of change is prescribed, first, where the member is in possession of his certificate, and second, where such certificate is lost or its possession withheld from the member desiring such change of beneficiary. In the first case it is provided that the change may be made "upon payment to the Sovereign Camp of a fee of twenty-five cents, which sum together with his certificate he shall forward to the Sovereign clerk with his request written on the back of his certificate, giving the name or names of such new beneficiary or beneficiaries." Here the authority to "forward" the request might support the contention that the United States mail, the customary agency, was the means intended to be used. The Camp might be willing in such case, where the certificate itself was forwarded to it, to treat the United States mail as its agent, and a delivery to such agent as a delivery to it. But in the event the beneficiary certificate is lost or otherwise out of the possession of the member, an entirely different method of changing the beneficiary is prescribed in which the authority to "forward" is not given. In such latter case it is stipulated "before the change shall be made the member shall furnish the Sovereign clerk satisfactory proof under oath of the facts of the loss of the certificate, or proof under oath of the facts and circumstances of the withholding of such certificate from his possesion, etc.," as set forth in the latter part of the section already quoted, thus evidencing to our mind the intention that the request and proofs contemplated by the section of the constitution should be actually furnished to the Sovereign clerk, and not constructively so by reason of a delivery to the United States mail. This view is strengthened by the provision in the constitution giving to the Sovereign clerk the power to pass upon the sufficiency of the proof furnished. It is well established that in the absence of agreement express or implied that the mails may be used as a means of acceptance of the terms of an offer, the one employing such means constitutes it his agent, and that the offer or acceptance, as the case may be, is subject to be recalled at any time prior to an actual delivery of the communication. (Scottish-American Mortgage Co. v. W. S. Davis, 96 Texas, 504. This being our construction of the constitution and there being no other evidence tending to show that it was contemplated that a delivery of the application to the United States mail should be treated as a delivery to the Sovereign clerk, and the actual delivery to the Sovereign clerk having been made after the death of Flowers and at a time when the rights of appellant Lucy N. Flowers had become vested, the judgment of the trial court should be reversed and here rendered in favor of appellant.

There is also another sufficient reason why the judgment should have been rendered for appellant. An examination of the application, which was refused by the Sovereign clerk because not in compliance with section 64 of the constitution, will disclose that its terms are materially different from those required by section 64. Under all of the authorities the constitution of the benefit order becomes a part of the contract of insurance, and where that instrument points out the method by which a change of beneficiary may be effective, it is exclusive of all others and must be, at least substantially, complied with. (Splawn v. Chew, 60 Texas, 532; Coleman v. Anderson, 86 S. W. Rep., 732; Shuman v. Ancient O. U. W., 82 N. W. Rep. (Ia.), 331; Grand Lodge A. O. U. W. v. Candy, 53 Atlantic Rep. (N. J.), 142; Fink v. Fink, 64 N. E. Rep. (N. Y.), 508; Hall v. Northwestern Endowment Assn., 49 N. W. Rep. (Minn.), 524; Hotel Men's Mutual Benefit Assn. v. Brown, 33 Fed. Rep., 11; Modern W. of A. v. Little, 86 N. W. Rep., 216; Legion of Honor v. Smith, 45 N. J. Eq., 466, 17 Atlantic Rep. (N. J.), 770.) In this case the appellant at least failed to waive the rights of the beneficiary, Lucy N. Flowers, as the contract required that he should do. The principle is invoked by appellee that where the insured had done all in his power to bring about the substitution of the beneficiary and there remains nothing to be done but the formal act of making the substitution by the insurance order, the change should be considered as effected. While the principle is a sound one and has abundant support in the authorities, yet it clearly can have no application to the present case, for undeniably the insured at the time of his death had not done all within his power to bring about a change of beneficiaries; indeed, he had had about seven years during all of which time there is nothing to have prevented his complying literally with the terms of his contract to furnish the character of application and proof required by the order. The authorities cited by appellee are therefore not in point.

Neither can the transaction be treated as an assignment of the benefit certificate to Cleo Humphries, for the reason that as a gift the same would be void, since there was no delivery or written transfer of the certificate to her. (Lord v. New York Life Ins. Co., 95 Texas, 216.) Besides, by the terms of the contract of insurance the only authority of disposition held by Flowers was through a change of beneficiary in the method prescribed by the constitution. Reversed and rendered for appellant.

*Reversed and rendered.*