GIBSON *v.* MOORE.

4-3061

Opinion delivered October 2, 1933.

900

*S. V. Neely* and *R. V. Wheeler,* for appellee.

*C. T. Carpenter,* for appellant.

JOHNSON, C. J., (after stating the facts). Section 6074 of Crawford & Moses' Digest in effect provides, that beneficiaries may be changed in accordance with the

laws, rules or regulations of the society. It is perfectly evident that any change of beneficiary in a policy of insurance issued by a fraternal benefit society must be done in substantial compliance with the constitution and bylaws of such society.

It is perfectly evident that § 212 of the bylaws of the society was not substantially complied with. In effect this bylaw provides that the "surrender clause on the back of her benefit certificate, designating therein the change desired, and sign the same in the presence of two witnesses, one of whom may be any camp recorder or a notary public or any other person authorized by law to administer oaths." It is not even contended that the surrender clause on this certificate was executed by the insured.

In behalf of appellant, it is insisted that the purported letter written by the insured requesting the change of beneficiary was a substantial compliance with the constitution and bylaws of the society. The case of *Robinson* v. *Robinson*, 121 Ark. 276, 181 S. W. 300, is quoted from in support of this position. The pertinent quotation in this opinion is "the established rule and the one adopted in this State is that the change of beneficiary cannot be made by the insured, unless there is a substantial compliance with the bylaws and regulations of the society."

No substantial compliance with the bylaws of the society in effecting a change of beneficiary is shown in the instant case. The purported letter written by the insured to the secretary of the local lodge was not acknowledged before any officer and was not signed by the requisite witnesses. The fact is the secretary of the subordinate lodge positively denies receiving any such letter. The rule in the Robinson case is sound, but the facts in the instant case do not come within it.

Again, § 212 of the bylaws further provides "no change in the designation of beneficiaries shall be effected until a substitute certificate has been written by the supreme recorder and within the lifetime of the member, and until such time the old certificate shall be in force."

The rule quoted above further provides: "Any attempt by a member to change the payee of the benefits under her benefit certificate by will or other testamentary document, or by contract, agreement, assignment, or otherwise than by strict compliance with the provisions of this section, shall be absolutely null and void." According to the record, as we understand it, the only substantial thing done by the insured in reference to effecting a change of beneficiary was to pay the fifty cent fee demanded therefor. This cannot be construed as a substantial compliance with the bylaws referred to. The chancellor was eminently correct in holding that no change of beneficiary had been effected.

It is next insisted, on behalf of appellant, that the trial court erred in refusing to grant him a continuance of the cause. It is said that S. O. Gibson is a poor man and had no money with which to employ counsel and pay the expense of litigation. This is not cause for a continuance under our statute. It suffices to say that the trial court did not abuse its discretion in denying the continuance.

No error appearing, the judgment is affirmed.