## GARABRANT v. BURNS et al.
### No. 13179.

Court of Civil Appeals of Texas. Fort Worth.

July 13, 1935.

Rehearing Denied Sept. 6, 1935.

Aldredge, Shults & Madden and J. W. Madden, Jr., all of Dallas, for appellant.

McGown & McGown, B. E. Godfrey, and K. H. Wasson, all of Fort Worth, for appellees.

LATTIMORE, Justice.

This is an appeal from a judgment upon an insurance policy involving the determination of a change of beneficiary not made in conformity with the method named in the policy.

860

Prior to 1928, J. J. Smith was the insured in a certificate issued by the Locomotive Engineers Mutual Life & Accident Insurance Association, a fraternal benefit society, and in April, 1928, he procured a new certificate, the formalities of which are not questioned, naming appellees as his beneficiaries. In July, 1930, Smith asked for a change of beneficiary and a new certificate was issued, naming Mrs. Elizabeth Garabrant, appellant, as beneficiary. On April 12, 1933, Smith issued a power of attorney, appointing appellant agent and attorney in fact to transact any and all of his business. On April 26, 1933, Smith mailed the following letter:

"H. O. Moore, 1323 Hazel St., Texarkana, Texas.

"Dear Sir: With respect to my certificate of membership and insurance in the Mutual Life & Accident Insurance Association of the Brotherhood of Locomotive Engineers in which I have previously designated Mrs. Rose Burns, my sister, Mr. Jos. A. Burns, my nephew, and Mrs. Naomi Brown, my niece, as beneficiaries, I wish to advise you that some weeks ago I executed an instrument without knowledge of the contents of the instrument and I have thought that it might have concerned this policy or some change of beneficiary.

"The purpose of this letter is to advise you that I do not and have not desired to change the beneficiaries under this policy as against those above named and that any instrument or writing purported to be signed by me with respect to any change of beneficiary or assignment of this policy is unauthorized and of no force and effect.

"I will appreciate it if you will acknowledge the receipt of this letter to me.

"Yours very truly,
"[Signed] J. J. Smith."

Smith died on May 10, 1933, without having received any reply to that letter.

The constitution and by-laws of the insurer relating to the change of beneficiary are as follows:

"Section 18. (a) A certificate holder of this Association having designated his beneficiary or beneficiaries may change the same at his pleasure, without notice to or consent of the beneficiary or beneficiaries, by returning his certificate or certificates to the Home office, through the Insurance Secretary of the Division to which he belongs, and informing the Vice-President and General Secretary-Treasurer of the changes desired by written request over his own signature, on a form furnished by the Home Office and witnessed by an insured member, or executed before an officer authorized by law to administer oaths provided that the new beneficiaries shall come within the classes named in Section 1, for which a fee of twenty-five (25) cents will be charged for each certificate so changed. Any person or persons, whether named as beneficiary or beneficiaries, accepting such designation in a certificate or certificates issued by this Association do so upon the expressed terms or conditions contained in these By-Laws.

"(b) No change in beneficiary shall be effective unless and until such change is entered on the records of the Home Office of the Association, and a new certificate is issued; but when such change has been so entered and the new certificate has been issued, such change shall relate back to the date of such request.

"(c) When the certificate naming the newly designated beneficiary or beneficiaries has been issued it shall in every respect be considered as if it were the original certificate issued to the insured, and the certificate or certificates replaced thereby shall be considered as absolutely void for all purposes; and in the event that the designation of the new beneficiary or beneficiaries shall be invalid, in whole or in part, for any reason whatever, and no subsequent, other, or different designation shall be made, such invalid designation shall not revive any previously issued certificate, but the proceeds of the certificate shall be payable in accordance with the rules prescribed in Section 1 of the Constitution and By-Laws of this Association for payment in the event of death or disqualification of any or all named beneficiaries."

Section I of the constitution referred to in paragraph c, as applicable to this case, would require all of the sisters and brothers, who are the litigants here, to share equally in the proceeds.

The insurer filed its interpleader in this cause, stating that it was only a stakeholder and claimed no interest in the outcome of the litigation except that it be protected against any double payment of the certificate and was in doubt as to who

should receive the benefits provided for by the membership of deceased.

Without restating more or less elementary propositions which are fully outlined in the precedents hereinafter cited, it is apparent that the decision of this case involves the contruction of Splawn v. Chew, 60 Tex. 532, and the later decisions founded on that opinion: Bills v. Bills (Tex. Civ. App.) 207 S. W. 614; Coleman v. Grand Lodge Colored Knights of Pythias (Tex. Civ. App.) 104 S. W. 909; Grand Lodge, K. & D. of Tabor v. Vann (Tex. Civ. App.) 282 S. W. 265; Hunsucker v. Modern Brotherhood of America (Tex. Civ. App.) 273 S. W. 1020; Richardson v. Faithful (Tex. Civ. App.) 289 S. W. 1054, 1055; Shelton v. Shelton (Tex. Civ. App.) 281 S. W. 331, which lay down the rules sustaining an informal change in beneficiary; and, on the other hand: Flowers v. Sov. Camp, W. O. W., 40 Tex. Civ. App. 593, 90 S. W. 526, and Wright v. Wright (Tex. Civ. App.) 44 S.W.(2d) 1019. All of these opinions are by Courts of Civil Appeals, although a writ of error was refused in Wright v. Wright. In Price v. Supreme Home of the Ancient Order of Pilgrims (Tex. Com. App.) 285 S. W. 310, 311, the Commission of Appeals, in an opinion not adopted by the Supreme Court, draws a distinction between the Flowers Case, supra, and Splawn v. Chew, supra, and the Supreme Court thereon upheld an informal designation of a change in beneficiary. This occurred before the Supreme Court refused a writ in Wright v. Wright.

All of the decisions unite in upholding the insuring company if it insists on a compliance with the terms of the contract relating to the change of beneficiary and, hence, eliminate from our consideration Anderson v. Grand Lodge (Tex. Civ. App.) 248 S. W. 461; Bollman v. Supreme Lodge, K. of H. (Tex. Civ. App.) 53 S. W. 722; Gray v. Sov. Camp, W. O. W., 47 Tex. Civ. App. 609, 106 S. W. 176, and similar cases in which the insurer offered a defense that the attempted change of beneficiary was not binding upon it because not in compliance with the contract of insurance. We consider applicable here those authorities in which the insurer asserted itself to be a stakeholder without a desire to insist on any rights except that all claimants be bound by a decree therein that its liability be limited to a single payment of the amount due under the contract.

In Splawn v. Chew, Chew held a certificate in a fraternal benefit society, the by-laws of which gave the membership the right of "disposal of the benefit among their dependents as they thereafter direct." Another by-law provides that a member may, when in good standing, "surrender their certificate and have a new one issued, payable to such beneficiary or beneficiaries dependent upon them as they may direct, upon payment of a certificate fee of fifty cents." The Supreme Court said: "The clear import of this section is to place the certificate entirely under control of the member, so far as the selection of its beneficiaries is concerned. * * * It vests no right whatever which the insured cannot ·by the very ·terms of the contract revoke and annul * * * and he alone is the one who is to determine which of these dependents are to be entitled to the insurance money. * * * The right to make the change is given by a different section of the by-laws, and exists in the insured as long as he remains a member of the order. A method by which he may accomplish it to the satisfaction of the order is pointed out * * * but we do not consider this as exclusive of all other ways of effecting the same object. The design of this section is to protect the interests of the corporation. * * * It is still a condition for the benefit of the company, to be insisted upon or waived according to their election." Chew named his father and mother as beneficiaries in his certificate. He left a will which was duly probated, in which he stated that he wished his two children named to have the proceeds of the certificate and be his beneficiaries therein. The Supreme Court held the will sufficient to justify a judgment in favor of the children for the proceeds of the policy.

Without quoting from the cases following Splawn v. Chew, we recite the facts of the attempted designation and the contractual provisions for a change of beneficiary. In Bills v. Bills, the insured erased the name of one of the beneficiaries from her insurance contract with the aid of the secretary of the local lodge without any knowledge of the officers of the Grand Lodge. The contract provided for a change of beneficiary by a request in writ-

ing under affidavit, attested by the presiding officer and secretary, no change to be binding until so made by the insurer. The change of beneficiary was upheld.

In Coleman v. Grand Lodge, Colored Knights of Pythias, the by-laws required that all changes "shall be made through the lodge * * * by having a new certificate issued, for which he must pay a fee of twenty-five cents." The insured caused a letter to be written to his subordinant lodge expressing a desire to have the beneficiary in his policy changed from his mother to his wife, and requesting information as to how such change should be made. He was informed by a letter from the secretary that it would be necessary in order for such a change to have the request attested by a notary public and send the papers to the secretary. The policy was not sent to the secretary, nor was the fee paid. The court upheld the change of beneficiary.

In Grand Lodge, K. & D. of Tabor v. Vann, the by-laws provided that the member desiring a change of beneficiary should pay a certain fee, deliver the old certificate with the designation of the new beneficiary therein made, and that no change in designation would be effective until the acceptance of the old certificate and the issuance of the new. The insured made a will under which he named a new beneficiary. The change of beneficiary was sustained.

In Hunsucker v. Modern Brotherhood of America, the by-laws required that the application for the change of beneficiary be signed by the insured in the presence of the secretary of the subordinate lodge and attested by the jurat of some person authorized to administer oaths. The application made in this case was not signed by the insured, but was signed by another at her request for her and was not witnessed or sworn to. The court upheld the change of beneficiary.

In Richardson v. Faithful, the by-laws provided that any member desiring to change his beneficiary "shall make known to the registrar of the deeds of his court, stating changes wanted. The same shall be presented to the local court to which said member belongs, and, if found to be made in good faith, and expresses the real desire of the member, the same shall be ratified by the local court and sent to the secretary of the endowment department, accompanied by affidavits and twenty-five

cents to pay for the new policy." The change of beneficiary was actually accomplished by an instrument in writing, duly signed, acknowledged, and witnessed; on the same day the insured executed a will, willing the benefits of this policy to the person named in the change of beneficiary. The change of beneficiary was upheld.

On the other hand, in the case of Flowers v. Sov. Camp, W. O. W., the by-laws provided that the insured "may" change the beneficiary upon payment of a fee of 25 cents to the Sovereign clerk, which sum, together with the certificate, he shall forward to the Sovereign clerk with his request written on the back of the certificate, giving the name of the new beneficiary. "In the event the beneficiary's certificate is lost or the possession thereof is for any reason withheld from the member * * * the member shall furnish * * * satisfactory proof under oath of the facts of the loss of the certificate * * * and waiving for himself and beneficiary or beneficiaries all rights thereunder." The member made a lengthy affidavit, which is set out in the opinion, naming the new beneficiary, and paying the fee, delivered both to the clerk of the local lodge of the insurer, as provided in the by-laws, with a request that it be forwarded by mail to the Sovereign clerk, who is the issuing officer of the new certificate, but it was received by that officer after the death of Flowers. The trial court held that inasmuch as the by-laws provided that "if such proof is satisfactory to him," the Sovereign clerk "shall issue said member a new certificate," that the change of beneficiary was not effective since the home office did not receive the request during the life of the assured, and assured failed to state in the affidavit, as required by the by-laws, that he waived the rights of the beneficiary under the old certificate, although the affidavit did state that he waived his own rights thereunder.

In Wright v. Wright (Tex. Civ. App.) 44 S.W.(2d) 1019, the contract of insurance provided for change of beneficiary "upon written request, accompanied by this policy for endorsement; but no change shall be effective until endorsed hereon by the company" at the home office. The insured instructed his attorney to obtain a change of beneficiary to his mother and the latter wrote a letter to the insurance company so advising them and naming the new

iciry. The company sent to the attorney a printed form to be signed by the assured. The assured was killed before he signed such form. The Court of Civil Appeals held the attempted change of beneficiary ineffectual and the Supreme Court refused a writ of error. The citation of authorities in that opinion indicates that the court founded its holding upon the decisions of those states which are not in accord with Splawn v. Chew, supra.

All of those opinions, except Wright v. Wright, were considered by section A of the Commission of Appeals in Price v. Supreme Home of the Ancient Order of Pilgrims, supra, in which the opinion thereupon stated that the cases founded on the Flowers Case, supra, were those in which "the matter of changing the beneficiary was bilateral, as between the 'member' and the society, that certain things which had to be done before the condition authorizing the change could arise were definitely prescribed." The opinion then states that "none of the prescribed things were done before the event of death by the 'members' whose acts were before the court"; and, also, "what was attempted was in direct violation of the by-laws and the statute." The statute referred to was article 4832, R. S., which authorizes fraternal benefit societies to make religious, eleemosynary, or educational societies or corporations beneficiaries in the member certificate. In Coleman, Splawn, Vann, and Hunsucker Cases, supra, the member had not done the things required of him by the contract of insurance, and we fail to see where the statute has any application.

The Texas rule is not in accord with those states whose opinions are cited in Wright v. Wright, supra, but in Cooley's Briefs on Insurance, vol. 7, p. 6461, is found a list of authorities of this and other states sustaining a waiver by the insurer of various contractual steps in procedure to substitute a beneficiary.

■ Where the insured obtains a contract of insurance upon his own life, reserving the right to change the beneficiary thereunder, all of the Texas cases agree that the beneficiary has what some of our courts call an "expectancy" and others an "inchoate" interest. The only parties to the contract who paid out any consideration and the only parties who have the right to abrogate or change the contract are the insurer and the insured.

If the insured desires of the insurer that the latter accept his designation of a beneficiary made without conforming to the procedure of the original contract, no one should be allowed to complain except those who have a vested right therein. The beneficiary is not such a one. Certainly if the parties to a contract desire to make a new one, which is lawful, no bystander can complain. It happens in cases of almost any contract that indirectly other parties than those privy to it are affected thereby. A man and his wife contract to make reciprocal wills; they, by agreement later, make new wills and change the devisees. Those devisees under the former will cannot complain.

This case is within the rule of Splawn v. Chew, supra; and same states a sound rule of construction. We call attention to the fact that the policy in Wright v. Wright was an "old line" policy while the certificate in controversy is by a fraternal benefit society and to the distinction made thereby in Supreme Council v. Behrend, 247 U. S. 394, 38 S. Ct. 522, 62 L. Ed. 1182, 1 A. L. R. 966.

■ The precedents which we have cited as our authorities, supra, say that the insurer may waive compliance with the procedure for changing the beneficiary and it is upon this theory that the Price and Vann Cases, in which the informal designation of a change of beneficiary, though received by the insurer after the death of the insured was upheld, are sustainable, for if the parties were in fact making a new contract in relation to the designation of a beneficiary, then that offer by the insured must be accepted by the insurer, which could not take place, due to the revocation of the offer by the death of the insured, for it is settled by all the authorities we have examined that the right of beneficiary in any instance becomes vested upon the death of the insured.

■ There remains to be considered the facts in this case of a change of beneficiary. Smith, in his letter to the insurer, says that Mrs. Naomi Brown and others are the beneficiaries and that he does not want them changed. As a matter of fact, the last certificate issued to him prior to that letter named the appellant rather than Mrs. Naomi Brown and others as beneficiaries. None the less, this is a statement directly to the insurer that he names the beneficiaries of his insurance

to be Mrs. Brown and others. Certainly this is as direct to the insurer as was the designation by will in the Chew and Faithful Cases, supra. We are all agreed that the designation must be direct and made in such a manner as to show a definite demand or request of the insurer that it pay the benefits of the certificate of insurance to a certain beneficiary. Hence, we agree that such cases as Wooden v. Wooden (Tex. Civ. App.) 116 S. W. 627, where the insured wrote a letter to the beneficiary saying, "You know that I have my life insured for $1,500.00 in your favor," were properly decided for such is not sufficient as a request for a change of beneficiary in the contract.

▉ Smith's letter was mailed to the insurance company's secretary of his division at Texarkana, which letter was not forwarded to the head office at Cleveland, Ohio, until after his death. But the contract directed Smith to deliver the request for change of beneficiary to the said division secretary at Texarkana, and under the cases above cited, we think the same is not an impediment to a recovery by appellees. This is particularly noticeable in the Price and Chew Cases, where the fact of a desired change was not received by any one representing the insurer until after the death of the insured.

▉ However, appellant pleaded that Smith's letter, dated April 26, 1933, was a forgery. Several signatures of Smith were produced in evidence for the purpose of comparison and the appellant offered in evidence the proven signature of Smith to the application in July, 1930, for the certificate of insurance issued in favor of appellant. This signature was excluded from the jury, to which ruling appellant excepted. We have concluded that we were in error in giving importance of reversal to the error of the trial court in excluding the signature on the application of July, 1930. On this document were two signatures, one at the top and one at the bottom of the document. The top one was definitely identified as that of the deceased, the lower one was not. There were four other signatures of deceased introduced for comparison, some of them contemporary to the rejected document. Article 3737b, Vernon's Ann. Civ. St. No particular virtue of the signature rejected is claimed by appellant. The evidence was cumulative only.

▉ Also we believe the error of the submission of the issue of mental incapacity was harmless to appellant. Whether deceased actually knew and understood the nature and content of his letter is a more severe burden than appellee was required to carry on the issue of mental capacity, but appellee none the less bore the same. If deceased actually understood the nature and quality of his acts, he certainly had capacity to do so. Prather v. McClelland, 76 Tex. 574, 13 S. W. 543; Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606.

Our former opinion is withdrawn and this substituted. The motion is granted, our former judgment set aside, and the judgment of the trial court is affirmed.