## GRAND LODGE COLORED KNIGHTS OF PYTHIAS et al. v. LOLLER et al.

### No. 11754.

Court of Civil Appeals of Texas. Dallas.

Oct. 5, 1935.

A. S. Wells, of Dallas, for appellants.

Bishop & Holland, of Athens, for appellees.

BOND, Justice.

The Grand Lodge Colored Knights of Pythias issued its policy of insurance upon the life of R. C. Fisher, by the terms of which it agreed to pay to Sallie J. Fisher, the wife of R. C. Fisher, and Charlotte Fisher, the mother of R. C. Fisher, the sum of $500, in event of the death of the said R. C. Fisher.

Sallie J. Fisher, one of the beneficiaries named in the policy, died several years prior to the death of the insured. The insured, after the death of his wife, failed to exercise his right granted him under the terms of the policy to change the beneficiaries named in the certificate, by any method provided therein. So, under the covenants and terms of the policy, Charlotte Fisher became the sole beneficiary, unless by the acts and conduct of the insurer and the insured it can be said that a change in the beneficiary was effectually made so as to allow the appellees a vested interest in the proceeds after the death of the insured.

The terms and conditions of the contract of insurance, as to the mode in which a change in beneficiary shall be made, provide that a member of the order holding a certificate has a right to change beneficiary, by indorsing on the certificate the change he desired, surrender the certificate so indorsed to the secretary of the endowment department of the grand lodge, and receive in lieu thereof a new certificate showing the changed beneficiary.

The testimony is undisputed that the insured had done nothing required of him under the policy to bring about a substitution of the beneficiary; indeed, he

had in his possession and under his control the certificate of insurance issued to him by appellant, from the time of the death of his wife until the death of the insured himself, about eight or ten years, and nothing is shown to have intervened to prevent his complying literally with the terms and conditions of the contract of insurance and the laws of appellant society. The insured had held every office in the local lodge, including that of chancellor commander, or presiding officer thereof; he was the principal of the Athens negro high school; well educated; and, upon one occasion, in discussing the question of making a change of beneficiary with one Richardson, a member of the lodge, he stated "that he was careless and negligent in the matter of requesting a change." Undeniedly, the insured knew the mode of changing beneficiaries on the death of the one named in the certificate. Under the authorities of this state, and specially provided in the contract of insurance, the Constitution and by-laws of the benefit order become a part of the contract, and where the contract points out the method by which a change of beneficiary may be effected, it is exclusive of all others and must be substantially complied with. Flowers v. Sovereign Camp, Woodmen of the World, et al., 40 Tex. Civ. App. 593, 90 S. W. 526.

There is no evidence revealed in the record showing that any officer or member of the subordinate or grand lodge ever made any statement or declaration to the insured to mislead him to his prejudice or concealed any material fact, or made any statement or declaration calculated to lead the insured to believe that he had effected a valid change of beneficiary in his certificate of insurance. True, the insured told members of the subordinate lodge and other persons outside of the order that he had made the change of beneficiaries so as to vest appellees with the interest Sallie J. Fisher would have received had she not predeceased the insured. However, the records affirmatively show that such a request was never made to any officer of the subordinate or grand lodge, and the only knowledge they had as to the declaration of the insured, was as testified to by one Leake, the chancellor commander of the local lodge, that "he heard that he (the insured) told other members of the lodge that he had changed beneficiary to these plaintiffs, but he did not tell me this."

The principle is invoked by appellees that, after the death of Sallie J. Fisher, the insured having stated to various members of the subordinate lodge, and to others not members, that he had changed the beneficiaries in the policy so that appellees would, in case of his death, receive the portion of the proceeds that would have gone to Sallie J. Fisher, had she survived him, and that the officers of the local lodge having knowledge of such declaration, and thereafter receiving the dues and premiums from the insured and remitting a portion thereof to the grand lodge, as, under the by-laws of the order, they were required to do, thus, leaving the insured to believe that the change in the beneficiary had been made, the insured is estopped, waiving the formalities of the contract of insurance to effect a valid change of beneficiaries.

We think it may be here stated that, had the insured done all in his power to bring about the substitution of the beneficiary, and there remained nothing to be done but the formal act of making the substitution by the insurer, the change should be considered as effected, but the principle of estoppel, as announced, can have no application here. The insurer did not make the change in compliance with the terms and conditions of the contract of insurance, and the derelict was due to no act or declaration of the insured, and, the fact that the subordinate lodge collected dues and premiums from the insured to keep the policy in force, and remitted a portion thereof to the grand lodge with knowledge that the insured had stated to others that he had effected a change in the beneficiary, when, in fact, he had not done so, as required by the terms of the contract, which the contracting parties knew, does not constitute an estoppel. It cannot be said that the knowledge, acts, or silence of the presiding officer of the local lodge waived any covenant of the contract, or that they were willfully intending to lead the insured to act upon them, or were grounds to anticipate that he would act on the faith of such to his detriment.

Under the terms and conditions of the contract of insurance, a change in the beneficiary not having been made by the insured after the death of the named beneficiary in the certificate, Charlotte Fisher, on the death of the insured, had a vested right in the entire proceeds of the policy; the insurer discharged its

obligation in accordance with the terms of its contract by the payment of the entire amount to Charlotte Fisher, and the appellees having no vested interest therein, the judgment of the lower court should be reversed and here rendered for the appellant; it is so ordered.

Reversed and rendered.