MRS. ELIZABETH GARABRANT V. JOSEPH A. BURNS ET AL.

No. 7003.   Decided January 12, 1938.
(111 S. W., 2d Series, 1100.)

*Aldredge, Shults & Madden,* of Dallas, for plaintiff in error.

The change of beneficiaries in the policy of insurance, under which plaintiffs claim, was made in compliance with a letter and not in accord with the methods prescribed in the policy for the making of such change, and was therefore of no effect. Kelley v. McDonald, 83 S. W. (2d) 414; Shell Petroleum Corp. v. Parker, 37 S. W. (2d) 1064; United States Ins. Co. v. Moriarty, 36 S. W. 943; McDonald v. McDonald, 212 Ala. 137, 36 A. L. R. 761, 102 So. 38.

*McGown & McGown, B. E. Godfrey,* and *K. H. Wasson,* all of Fort Worth, for defendants in error.

Since the methods prescribed for the change of beneficiary on a life insurance policy is for the benefit of the insurance company, such regulatory measures may be waived at the option of the insurer. Splawn v. Chew, 60 Texas 532; Bills v. Bills, 207 S. W. 614; Grand Lodge Knights and Daughters of Tabor v. Vann, 282 S. W. 265.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit involves a contest over the proceeds of an insurance certificate issued by the Locomotive Engineers Mutual Life & Accident Association to J. J. Smith. Smith became a member of the Locomotive Engineers Association in 1892, and by reason of said membership obtained a certificate of insurance. Said certificate was in the sum of $1,500.00, and was at first made payable to his mother, Annie Smith. On November 25, 1914, the

name of the beneficiary was changed, and the benefits were made payable to Mary Smith, a sister. On April 20, 1928, upon proper application, the beneficiary was again changed and Mrs. Rose Burns, a sister, Joseph A. Burns, a nephew, and Naomi Brown, a niece, were substituted as beneficiaries. Again, on July 1, 1930, upon proper application, the beneficiaries were changed, and Mrs. Elizabeth Garabrant, a sister, was constituted beneficiary.

Smith died May 10, 1933. This suit was instituted July 29, 1934, by Joseph A. Burns and Mrs. Naomi Brown, joined by her husband, T. J. Brown. They will be designated plaintiffs, although they appear here as defendants in error. The suit was against the insurance association and Mrs. Elizabeth Garabrant. The association, in an action in the nature of an interpleader, deposited the proceeds of the certificate in the treasury of the court and was dismissed from the suit. Mrs. Garabrant remained as sole defendant, and will be so designated here, although she appears as plaintiff in error.

The basis of plaintiffs' claim to the proceeds of the insurance certificate is the contention that by an instrument signed April 26, 1933, and transmitted to the association under circumstances hereinafter set out, Smith again changed his beneficiary from Mrs. Garabrant and substituted them as beneficiaries. The trial court held that there was a change in beneficiary, and that plaintiffs were entitled to the proceeds of the certificate. This holding was affirmed by the Court of Civil Appeals. 85 S. W. (2d) 859. We are therefore brought to a determination of whether or not there was a change of beneficiary by J. J. Smith on April 26, 1933.

The constitution and by-laws of the insurance association, which were admittedly a part of the certificate, contain the following provisions with reference to change of beneficiary:

"Section 18. (a) A certificate holder of this Association having designated his beneficiary or beneficiaries may change the same at his pleasure, without notice to or consent of the beneficiary or beneficiaries, by returning his certificate or certificates to the Home Office, through the Insurance Secretary of the Division to which he belongs, and informing the Vice-President and General Secretary-Treasurer of the changes desired by written request over his own signature, on a form furnished by the Home Office and witnessed by an insured member, or executed before an officer authorized by law to administer oaths provided that the new beneficiaries shall come within the classes named in Section 1, for which a fee of twenty-five (25) cents will be

charged for each certificate so changed. Any person or persons, whether named as beneficiary or beneficiaries, accepting such designation in a certificate or certificates issued by this Association do so upon the expressed terms or conditions contained in these by-laws.

"(b) No change in beneficiary shall be effective unless and until such change is entered on the records of the Home Office of the Association, and a new certificate is issued; but when such change has been so entered and the new certificate has been issued, such change shall relate back to the date of such request."

On April 12, 1933, Smith executed a power of attorney to Mrs. Elizabeth Garabrant, appointing her as agent and attorney to transact any and all of his business, but in no manner mentioning his insurance. At that time Smith was living with Mrs. Naomi Brown. Acting at the instance and request of Smith, Mrs. Brown had an attorney to prepare the letter hereinafter set out, and on April 26, 1933, same was signed by Smith in the presence of two witnesses. The letter was addressed to H. O. Moore, Insurance Secretary of Division 496, Texarkana, Texas. Smith was a member of that division. Although Mrs. Brown testified that she mailed the letter to Moore, she further testified she did not recall the date it was mailed. The letter bore a stamp mark "Received May 17, 1933." There was nothing to show when it was received by Moore. The inference seems to be that the date stamped upon the letter was the date when it was received by the association at its home office in Cleveland, Ohio. Smith had died several days prior to that date.

The letter was as follows:

"H. O. Moore, 1323 Hazel St., Texarkana, Texas.

"Dear Sir: With respect to my certificate of membership and insurance in the Mutual Life & Accident Insurance Association of the Brotherhood of Locomotive Engineers in which I have previously designated Mrs. Rose Burns, my sister, Mr. Jos. A. Burns, my nephew, and Mrs. Naomi Brown, my niece, as beneficiaries, I wish to advise you that some weeks ago I executed an instrument without knowledge of the contents of the instrument and I have thought that it might have concerned this policy or some change of beneficiary.

"The purpose of this letter is to advise you that I do not and have not desired to change the beneficiaries under this policy as against those above named and that any instrument or writing purported to be signed by me with respect to any change of beneficiary or assignment of this policy is unauthorized and of no force and effect.

"I will appreciate it if you will acknowledge the receipt of this letter to me.

"Yours very truly,     "(Signed)  J. J. Smith."

Briefly, we may summarize the contention of plaintiffs as follows: That the foregoing letter definitely indicated the insured's desire that the persons named therein should constitute the beneficiaries of his insurance certificate, and therefore constituted a definite and direct request that the benefits of the certificate should be paid to these parties; consequently, the same amounted to a specific request for change of beneficiaries. That this request, transmitted to the association in the manner aforesaid, was sufficient to require affirmative action upon its part, and its failure to act prior to the date of the death of Smith on May 10, 1933, constituted an acceptance or ratification of the change of beneficiaries, and resulted in a waiver by the association of all formalities required by the constitution and by-laws. As we understand the opinion of the Court of Civil Appeals, this contention became the basis of its decision.

■ After an exhaustive study of the authorities, we have concluded that plaintiffs' position can not be upheld. While there are two or more apparently diverging lines of decision, we do not find it necessary to go into a detailed analysis of cases or an extended discussion of the subject. It seems to be definitely settled that an insurer may make reasonable regulations in the policy, or in the constitution and by-laws which become a part of the policy, defining the method by which a member may change the beneficiary named in the certificate, and when the beneficiary is a third party, such regulations become a part of the contract; and, generally speaking, the right to change can be exercised in no other way. That while the insurer may waive compliance with regulations intended for its benefit, yet the beneficiary named in the certificate has a right, by virtue of the contract, to require that a change be made substantially in accordance with the manner provided. Cooley's Briefs on Insurance, Vol. 7, p. 6438, sub. (5); Wright v. Wright, 44 S. W. (2d) 1019 (writ refused); Grand Lodge Colored Knights of Pythias v. Loller, 86 S. W. (2d) 821; Kelley v. McDonald, 83 S. W. (2d) 414; Gibson v. Moore, 187 Ark. 897, 63 S. W. (2d) 344; Brotherhood of Railroad Trainmen v. Adams, 222 Mo. App. 689, 5 S. W. (2d) 96; Sovereign Camp W. O. W. v. Israel, 117 Ark. 121, 173 S. W. 855; Cronbach v. Ætna Life Ins. Co., 153 Tenn. 362, 284 S. W. 72; Wilkes v. Hicks, 124 Ark. 192, 186 S. W. 830; Smith v. Locomotive Engineers Mutual Life & Accident Assn., 138 Ga. 717, 76 S. E. 44; Bennett v. Rosebor-

ough, 155 Ga. 265, 116 S. E. 788, 26 A. L. R. 1397; Lewis v. Reed, 48 Calif. App. 742, 192 Pac. 335; Grand Lodge v. Martin, 118 Me. 409, 108 Atl. 355; Johnson v. Agricultural Life Ins. Co., 225 Mich. 331, 196 N. W. 187.

■ The Locomotive Engineers Mutual Life & Accident Association pays its benefits by assessments. It is distinctly a mutual benefit society. In order that there may hereafter be no doubt as to the rights of a beneficiary named in a certificate of this kind to require a substantial compliance with the regulations and provisions of a policy or by-laws and constitution regarding a change of beneficiary, we quote with approval a statement found in the Second Edition of Niblack on Accident & Benefit Societies, as follows:

"When a mutual benefit society has, under the powers and within the limits of its charter, provided in its by-laws a particular method of changing a beneficiary, or has set forth in its certificate a way by which the change may be made, no change of beneficiary may be made in any other mode or manner. The reason for this rule is not difficult to discover. It is based upon the familiar maxim that the expression of one thing excludes other and different things. When a society frames a set of rules providing for the distribution of a fund, and for the rights of beneficiaries and members, it must be assumed that it excludes every other mode and manner. Any other conclusion would lead to the most interminable confusion in the law applicable to the distribution of the insurance money, and fritter away, in the expenses of uncertain litigation, funds created for the benefit of widows, orphans, and heirs. But there is still another reason. It can not be said that a beneficiary named in a certificate has no rights therein because he has no vested rights. The beneficiary has a right to the proceeds of the certificate of insurance, subject to the right of the member to change the beneficiary according to the terms of the by-laws and regulations of the society, which are a part of the contract of insurance; and the right of the beneficiary to have the contract carried out in the manner provided for is as binding upon the member as his right to change the beneficiary is binding upon the beneficiary and the society. The power reserved to the member to change the beneficiary qualifies the right of the beneficiary in the contract. It makes the interest of the beneficiary a mere expectancy, while the power to revoke the appointment continues; but this expectancy becomes an absolute right upon the death of the member, unless he has, in the manner prescribed, defeated it by the affirmative act of changing the beneficiary."

■ We come now to inquire as to whether or not there was a substantial compliance by Smith with the regulations and rules of the association as touching the manner of changing the beneficiary named in his certificate. While it may be seriously questioned that the letter of April 26, 1933, can possibly be construed as a request for a change in beneficiary, yet we will assume that the letter in substance is sufficient to constitute a designation of a new beneficiary and to constitute a request for a change in the certificate. We shall also assume, without deciding, that the provision with reference to return of the certificate to the home office through the division insurance secretary could be waived by the association. We will likewise assume, without deciding, that the provision that no change in beneficiary shall be effective unless and until such change is entered on the records of the home office of the association and a new certificate is issued might be waived by the association. We are of the opinion, however, that until there is a *request* or *application* for a change of beneficiaries made in substantial compliance with the regulations or method provided by the certificate, the question of waiver can not arise, and the rights of the beneficiary named in the certificate are not affected. Although the right to name or substitute a beneficiary may be absolute in the insured, the method provided for making known to or advising the insurer of the purpose and wish of the insured becomes contractual and binding; because it becomes of the highest importance, in the proper protection of all parties, that there be absolute certainty, as near as possible, in the matter of determining the name of the person who is to receive the benefits of the certificate.

Without noticing other cases, we call attention here to the fact that the rule requiring substantial conformity with the requirement of making application in accordance with the regulations contained in the policy is clearly recognized by the court in the case of Price v. Supreme Home of the Ancient Order of Pilgrims, 285 S. W. 310, by the Commission of Appeals, which is the strongest case in favor of the contention asserted by plaintiffs. Speaking of the matter of changing beneficiary, the Court in that case said: "If the member 'makes sworn application therefor,' and thereby declares his intent, which is the important thing (Splawn v. Chew, 60 Texas 532), the change follows as a matter of course." Again, the Court, after calling attention to what the insured had done, said: "And, in our opinion, what she did, and caused to be done, and what the order did in recognition of her acts and rights, was, in all substantial respects, in conformity with the rules by which those acts and rights are governable."

This is in reality what distinguishes the case of Splawn v. Chew, supra, and those cases based on it from the great array of cases holding that the designation of a new beneficiary was not sufficient, because not in compliance with the method set up in the policy or in the by-laws and constitution. In the case of Splawn v. Chew it was found that the clear import of the contract was to "place the certificate entirely under the control of the member so far as the selection of its beneficiary was concerned," and there was no expressly declared method of making request or application for the change of beneficiary provided in the policy or in the by-laws and constitution of the association. It was pointed out in the case of Wright v. Wright, 44 S. W. (2d) 1019, in distinguishing that case from the case of Splawn v. Chew, that the right to change a beneficiary is to be determined by the terms and stipulations expressing it in a given case, and the power to exercise it is measured by the language on which it is founded.

■  When we look to the facts of the present case we find there was never any substantial compliance with the method designated for making request for change of beneficiary. The letter mentioned was addressed to H. O. Moore, division insurance secretary. There is no provision, however, for making known a desire for change of beneficiary through him. There is a provision for returning the certificate through him, but an important thing is that the insured shall "inform the Vice-President and General Secretary-Treasurer of the change desired." We may assume that this could have been transmitted through the division insurance secretary, but a still more important thing is that he shall inform the parties named "by written request over his own signature, on a form provided by the home office, and witnessed by an insured member, or executed by an officer authorized by law to administer oaths." We may assume that if the request were in other respects sufficient, the making of same on a form furnished by the home office might be dispensed with if there had been a negligent failure or refusal to promptly furnish such a form; but we are of the opinion that the requirement that the signature be witnessed by an insured member, or that the instrument be executed before an officer authorized by law to administer oaths, is indispensable. The purpose and wisdom of such requirement is apparent. In the case of Grand Lodge v. Martin, supra, the court said:

"The requirement that a revocation shall be executed in the presence of an official is not solely for the benefit of the society, nor for that of the beneficiary. One of its objects, and perhaps

its primary object, is to guard against the frustration of the member's purpose.

"The member has the unqualified right to change the beneficiary. He also has the right to determine how, when he can no longer speak, the fact of the change shall be ascertained and verified."

In this particular instance we think it appropriate to observe that the signature to the letter in question was wholly unintelligible, and but for the fact that the name of Smith was written under the signature by typewriter, the association would not have known who had written the letter. The signature was not witnessed by an insured member, and the signature was not verified by oath.

Under the facts of this case we are clearly of the opinion that there was no proper or sufficient request or application for change of beneficiary, and therefore no question of waiver could arise. Nor is there any ground for application of the rule that if the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the administerial acts of the officers, the change will take effect, though the formal details were not completed before the death of the insured. See 7 Cooley's Briefs on Insurance, p. 6448. As pointed out above, Smith had not observed the essential requirements of the certificate with respect to making request for the change. In addition to the fact that the letter addressed to Moore was extremely doubtful in its meaning, it was not accompanied by any letter of explanation, or with a request that it be transmitted to the home office, or that the vice president and general secretary-treasurer be informed; nor was there any request that forms be furnished upon which request might be made. The case of Johnson v. Agricultural Life Insurance Company, supra, is in many respects directly in point. In that case, among other things, it was said:

"Under the disclosed facts we are unable to agree with counsel that the case falls within the ruling of these cases. The insured had agreed that if she desired to change the beneficiary she would designate the new beneficiary in writing on forms provided for that purpose, and file it with the home office. Did she do this? Under the proofs it appears that the home office had no knowledge at the time of her death that she contemplated a change of beneficiary in her policy. It did not appear that she ever requested the home office to send her a blank form for that purpose, and it does not appear that she ever signed a written notice indicating her desire to change the beneficiary. It does

not appear that she ever filed any paper with the home office advising it that she desired to change the beneficiary in her policy. It therefore conclusively appears that she did not do all that she could do to effectuate a change of the beneficiary."

In addition to all of this, there was absolutely no proof that the letter was mailed to Moore in time to have been received by him and by him forwarded to the home office prior to the date stamped thereon, which was several days after the death of Smith.

The judgments of the Court of Civil Appeals and of the trial court are reversed, and judgment is here rendered in favor of plaintiff in error.

Opinion adopted by the Supreme Court January 12, 1938.